## TEMPLE v. THE STATE.

CRIMINAL LAW. *Forcibly entering premises* (*not burglary*). To charge the jury that the mere unlawful entering upon the premises of another, and against his consent, is such an act as the law regards as having a tendency to lead to an immediate breach of the peace, and is an indictable offense, held erroneous. The distinction is well settled, that if the entry is made without force, although it may be unlawful, it is only a civil trespass; but if accompanied with force amounting to a breach of the peace, or such as is calculated to produce a breach of the peace, it is a criminal trespass.

### FROM M'NAIRY.

Appeal from the Circuit Court. ———, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

No counsel marked for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Temple was indicted in the Circuit Court of Mc-Nairy county "for forcibly and unlawfully entering upon the premises of one J. E. Reynolds, and against his consent, to the evil example of all others, and against the peace and dignity of the State."

A motion was made to quash, because the indictment avers a civil trespass and not a criminal offense. The motion was overruled.

The proof showed that Temple was engaged in having a survey made of a tract of land adjoining the land of the prosecutor, and continued to have the survey made, although the prosecutor objected upon the ground that he was running on his lands. No force was used or threats of violence resorted to.

The court charged the jury that "the act of defendant must have been such as the law contemplates would have a tendency to lead to a breach of the peace." Further, "the unlawful entry upon the premises of another, and against his consent, is such an act as the law regards as having such tendency."

Under this charge the jury found the defendant guilty, and he was fined ten dollars.

It is laid down in *The State* v. *Ross*, 4 Jones (N. C. Rep.), 316, that "to make a trespass indictable, it must be committed *manu forti*—in a manner which amounts to a breach of the peace, or, according to some of the cases, which would necessarily lead to a breach of the peace, if the person in possession is not overawed by a display of force so as

32—VOL. 6.

to be induced to surrender and give up the possession, because resistance would be useless. Unless this degree of force is resorted to, the trespass is a mere civil injury, to be redressed by action."

The Circuit Judge laid down the law in substantial conformity with the rule here referred to, but added, that "the unlawful entering upon the premises of another against his consent, is such an act as the law regards as having a tendency to lead to an immediate breach of the peace." In other words, that the mere unlawful entering upon the premises of another against his consent, is an indictable offense, whether the entry was accompanied with force or violence, or threats of intimidation, or not.

This definition of the law does away with every distinction between a civil and a criminal trespass. The distinction is well settled that if the entry is made without force, although it may be unlawful, it is only a civil trespass, but if accompanied with force, amounting to a breach of the peace, or such as is calculated to produce a breach of the peace, it is a criminal trespass.

The Judge committed the same error in his charge that he did in overruling the motion to quash the indictment. The indictment contains no averment of force, or threats, or violence, but is simply a charge of civil trespass.

The judgment will be reversed and the indictment quashed.