[No. 46078. En Banc. June 19, 1980.]

THE CITY OF SEATTLE, *Appellant,* v. LORENZO RICE, *Respondent.*

*Douglas N. Jewett, City Attorney,* and *Michael S. Hurtado, Assistant,* for appellant.

*Jeffrey L. Needle,* for respondent.

*John Henry Browne* on behalf of American Civil Liberties Union, amicus curiae.

WRIGHT, J.—This action presents one question. Is Seattle City Ordinance No. 102843 (codified as section 12A.08.240, Seattle Municipal Code) valid as against a challenge under the "void for vagueness" rule?

The Seattle Public Safety Building is owned by the City of Seattle (city). The first and third floors of that building are open to the public for certain purposes on a 24–hour basis. Among the purposes for which the public is admitted are: making complaints as to criminal activity, making inquiry as to persons detained in the city jail, and on occasion furnishing bail for such persons.

About 9 p.m. on September 1, 1978, Officer Caldwell of the Seattle Police Department observed one Lorenzo Rice on the third floor of the Public Safety Building. He asked Rice what business he had. Rice was too intoxicated to reply and the officer directed him to leave the building.

Later, about 12:15 a.m., September 2, 1978, Officer Caldwell received a call from a female employee on the first floor that a person was causing trouble. Office Caldwell responded to that call, found the respondent, asked him his business in the building, and received no understandable reply. He thereupon arrested the respondent and placed him in custody.

A trial in Seattle Municipal Court followed and respondent was convicted. He appealed and received a trial de novo in Superior Court before a jury. The jury found him guilty and the trial court set aside the verdict on the basis the ordinance was unconstitutionally vague. The city appealed directly to this court by authority of RAP 4.2(a)(2). We affirm.

At the trial in Superior Court the city called Officer Caldwell as its only witness. The respondent called Officer Furler, also of the Seattle Police Department, who testified he had banned respondent from the Public Safety Building "forever". He had forbidden respondent from entering the building for any purpose whatever. He admitted it was a public building.

Officer Caldwell was asked what he considered to be proper reasons for persons to enter the building at night. He stated it was proper to go onto the first floor to use the public telephones, although there are also public telephones just outside the building. He likewise stated it was improper to go into the building to use the drinking fountain because there was a drinking fountain outside the building.

Respondent was charged with criminal trespass in violation of ordinance No. 102843 which states in part: "[a] person is guilty of criminal trespass if he knowingly enters or remains unlawfully in or upon the premises of another." The provisions of the ordinance further makes the following statement as to entry or remaining upon premises open to the public:

(1) A person, who, regardless of his intent, enters or remains in or upon premises which are at the time open

to the public does so with license and privilege unless he defies a *lawful order* not to enter or remain, personally communicated to him by the owner of the premises or some other authorized person.

(Italics ours.)

■ The entire question here is whether the words "lawful order" are sufficiently specific to satisfy the due process requirements of the void for vagueness doctrine. The due process clause of the Fourteenth Amendment requires specificity in penal statutes and ordinances for two independent reasons. First, citizens must have fair notice of what conduct is proscribed. *Lanzetta v. New Jersey,* 306 U.S. 451, 453, 83 L. Ed. 888, 59 S. Ct. 618 (1939). Second, explicit standards are necessary in order to guard against arbitrary enforcement of the laws. *Papachristou v. Jacksonville,* 405 U.S. 156, 168–71, 31 L. Ed. 2d 110, 92 S. Ct. 839 (1972).

■■ The touchstone of the "fair notice" principle is that the statute or ordinance must be sufficiently specific that "men of reasonable understanding are not required to guess at the meaning of the enactment." *Seattle v. Drew,* 70 Wn.2d 405, 408, 423 P.2d 522, 25 A.L.R.3d 827 (1967). In *Connally v. General Constr. Co.,* 269 U.S. 385, 391, 70 L. Ed. 322, 46 S. Ct. 126 (1926), the court stated:

> That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well–recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.

The term "lawful order" in the Seattle criminal trespass ordinance is not sufficiently specific to inform persons of reasonable understanding of what conduct is proscribed. Many questions must be answered to determine if an order is a "lawful order." Who is an authorized person? Was the

substance of the order lawful? Was there a valid reason for the order? How long is the order to be in effect? The foregoing is but a sample of what must be considered and certainly there are many more questions which could be raised. A person receiving an order must thereupon be able to answer all such questions to know if he has received a "lawful order."

In accordance with the second consideration underlying the vagueness doctrine, a statute or ordinance must be sufficiently specific to ensure that it will not be enforced arbitrarily. A vague statute or ordinance invites unequal enforcement, and gives unfettered discretion to the police and to the courts. *Grayned v. Rockford,* 408 U.S. 104, 33 L. Ed. 2d 222, 92 S. Ct. 2294 (1972). By defining the offense of criminal trespass in terms of obedience to a "lawful" order, the Seattle ordinance creates the possibility of arbitrary enforcement. As we stated in *Bellevue v. Miller,* 85 Wn.2d 539, 545, 536 P.2d 603 (1975):

> Legislation which purports to define illegality by resort to such inherently subjective terms as "unlawful purpose" . . . permits, indeed requires, an *ad hoc* police determination of criminality. . . . The potential for arbitrary and discriminatory law enforcement under such legislation cannot constitutionally be tolerated.

We have often upheld ordinances as against challenges for vagueness. *Sonitrol Northwest, Inc. v. Seattle,* 84 Wn.2d 588, 528 P.2d 474 (1974); *Seattle v. Jones,* 79 Wn.2d 626, 488 P.2d 750 (1971); *Spokane v. Vaux,* 83 Wn.2d 126, 516 P.2d 209 (1973). When, however, a statute or ordinance is so vague as to violate the constitutional requirements, it becomes our duty to strike it down. The trial court was correct in determining the ordinance here in question was void for vagueness. We affirm.

UTTER, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, HICKS, and WILLIAMS, JJ., concur.

DOLLIVER, J. (dissenting)—The majority states: "The term 'lawful order' in the Seattle criminal trespass ordinance is not sufficiently specific to inform persons of reasonable understanding of what conduct is proscribed." This misses the point of the ordinance. The conduct proscribed under the ordinance is: "not to enter or remain" on the premises. I would think this is stated in plain enough English and hardly requires further explanation. Surely, this ought to meet any standard of "fair notice".

The majority cites *Bellevue v. Miller,* 85 Wn.2d 539, 536 P.2d 603 (1975), for the proposition that "a statute or ordinance must be sufficiently specific to ensure that it will not be enforced arbitrarily." It then goes on to suggest that the term "lawful purpose" which was found constitutionally defective in *Bellevue* somehow is comparable to "lawful order" in the Seattle ordinance. An examination of the two ordinances will show this view to be inapposite. In *Bellevue,* the ordinance stated, at page 542:

> Wandering or prowling. Any person who wanders or prowls in a place, at a time, or in a manner, and under circumstances, which manifest an unlawful purpose or which warrant alarm for the safety of persons or property in the vicinity is hereby declared to be a vagrant, and is guilty of a misdemeanor.

Here, Seattle ordinance No. 102843 states:

> A person, who, regardless of his intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of the premises or some other authorized person.

In *Bellevue,* the term "lawful purpose" was directed toward the activities of the accused. We held the phrase void for vagueness since (1) it failed to give a person fair notice of the conduct being proscribed, and (2) it raised the prospect of arbitrary arrests and convictions. Here no such confusion exists. The action prohibited is clear and is concisely stated: Do not enter or remain on the premises. The majority shifts away from the *actions* of the defendant, *i.e.,* what the

defendant could or could not do, and asserts that, because the defendant could not know whether the police officer was an "authorized person" or whether the order was lawful, the ordinance somehow becomes constitutionally suspect. Given this line of reasoning, violators of criminal law may act with impunity in the presence of a police officer since they can always claim they were confused as to the authority of the police officer to give them an order.

The void for vagueness doctrine is to protect a person from a statute or ordinance which does not clearly define a proscribed activity. If the proscribed activity is clearly stated—as here—the violator cannot claim a constitutional protection under the void for vagueness doctrine by alleging confusion as to the authority of the police who seek to bar the activity proscribed.

I dissent.

Reconsideration denied September 26, 1980.