Joseph C. JOHNSON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1696.

Court of Appeals of Alaska.

July 10, 1987.

R. Stanley Ditus, and Shelley M. Ditus, Ditus & Ditus, Anchorage, for appellant.

Mary Jane Sutliff, and Brent Cole, Asst. Dist. Attys., Victor C. Krumm, Dist. Atty., Anchorage, and Ronald W. Lorensen, Acting Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

Joseph C. Johnson pled no contest and was convicted of one count of criminal trespass in the second degree, a class B misdemeanor. AS 11.46.330(a)(1). He received a $500 fine and a sentence of sixty days with all but 120 hours suspended. Johnson reserved for appeal his allegation that the statute under which he was convicted was void for vagueness. We therefore have jurisdiction over this appeal. *See Oveson v. Anchorage*, 574 P.2d 801, 803 n. 4 (Alaska 1978); *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974). We affirm Johnson's conviction but remand for resentencing.

Apparently Johnson, a college student, purchased a season's pass permitting him to ski at the Alyeska Ski Resort during the 1984–85 ski season. On March 6, 1985, an executive officer at the resort sent a letter to Johnson, stating in pertinent part:

> After having reviewed your conduct of February 15 & 17, 1985, it is Alyeska's decision to revoke your season's pass for the remainder of this ski season. We request that you refrain from visiting Alyeska Resort property until November 1, 1985.
>
> . . . .
>
> If you should choose not to comply with this letter, appropriate legal steps will have to be taken.

Johnson returned to Alyeska on March 14, 1985. He skied recklessly on that date, which resulted in his prosecution for second-degree trespass. Johnson was convicted by a jury and given a one-year suspended imposition of sentence (S.I.S.) by District

Court Judge John D. Mason. This conviction is not on appeal.

On April 21, 1985, Johnson again returned to Alyeska resulting in the charge we consider in this opinion. The information reads, in pertinent part:

Johnson had been charged previously with trespassing within the last thirty days, and advised by Alyeska personnel to stay off the property. When confronted by Alyeska workers, the defendant would not produce identification and was found to be wearing a fake beard. The defendant admitted to Trooper Opalka that he, "just wanted to ski" and should not have been on the property.

■ Johnson first argues that AS 11.46.-330(a) is void for vagueness. It provides in relevant part:

*Criminal trespass in the second degree.* (a) A person commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully

(1) in or upon premises; or

(2) in a propelled vehicle.

Relevant to an interpretation of the meaning of this statute is AS 11.46.350, which provides in part:

*Definition.* (a) As used in AS 11.46.300–11.46.350, unless the context requires otherwise, "enter or remain unlawfully" means to

. . . .

(2) fail to leave premises or a propelled vehicle that is open to the public after being lawfully directed to do so personally by the person in charge.[1]

Johnson argues that reasonable people reading this statute would be uncertain as to the meaning of the phrase, "after being lawfully directed to [leave premises] personally by the person in charge." Johnson relies on *City of Seattle v. Rice,* 93 Wash.2d 728, 612 P.2d 792 (1980), where the Washington Supreme Court invalidated a city ordinance on this basis.[2] Alaska Statute 11.46.330(a) is very similar to N.Y. Penal Law § 140.05 (McKinney 1975), and AS 11.46.350(a)(2) is very similar to N.Y.Penal Law § 140.00(5) (McKinney 1975). New York Penal Law § 140.05 was upheld against a vagueness challenge in *People v. Bush,* 39 N.Y.2d 529, 384 N.Y.S.2d 733, 349 N.E.2d 832 (1976). Similar statutes from other jurisdictions have also withstood comparable challenges. *See Powers v. City of Huntsville,* 440 So.2d 1185, 1188 (Ala.App. 1983), *cert. denied,* 469 U.S. 869, 105 S.Ct. 217, 83 L.Ed.2d 147 (1984); *cf. Ahmed v. Rockefeller,* 308 F.Supp. 935 (S.D.N.Y. 1970).

We believe that any possible vagueness that the phrase, "after being lawfully directed [to leave the premises] personally by the person in charge," imports into the statute is cured by literally reading the statute in light of the applicable *mens rea.* The jury must find that the premises were open to the public, that Johnson was personally ordered to leave the premises, that the person who gave the order was authorized by the owner of the premises to give the order, and that the order was legally effective to terminate Johnson's license or privilege to utilize the premises. *See Cleveland v. Anchorage,* 631 P.2d 1073, 1077 (Alaska 1981); *compare People v. Leonard,* 62 N.Y.2d 404, 477 N.Y.S.2d 111, 465 N.E.2d 831 (1984) (interpreting the similar New York Statute). In addition, the state must prove the appropriate *mens rea* for the offense. Alaska Statute 11.46.330 is silent regarding *mens rea.* Therefore, AS 11.81.610 is implicated. It provides that

---

**1.** This case was prosecuted and defended on the theory that Alyeska Ski Resort was open to the public. We express no opinion on that issue. *But see* A. Hechtman, *Practice Commentaries,* N.Y.Penal Law § 140.00(5), 17 (McKinney 1975) (theaters, ball parks, and other places that require admission ticket are not deemed open to public). We note that the legislature was apparently aware of N.Y.Penal Law § 140.00 when it enacted Alaska's burglary and criminal trespass statutes. *See Arabie v. State,* 699 P.2d 890, 894–95 n. 3 (Alaska App.1985).

**2.** We note without further comment that the holding in *Rice* was subsequently qualified by *City of Seattle v. Davis,* 32 Wash.App. 379, 647 P.2d 536 (Wash.App.1982). In *Davis,* the court noted that the statute in issue, in both cases, was only invalid as it pertained to trespasses in public buildings, and was not invalid as it pertained to trespasses on private property. 647 P.2d at 538.

"if a provision of law defining an offense does not prescribe a culpable mental state, the culpable mental state that must be proved with respect to (1) conduct is 'knowingly'; and (2) a circumstance or a result is 'recklessly.' "

■ Here, entering the premises constitutes conduct and the absence of license or privilege (*i.e.*, the lawfulness of the order to leave) is a circumstance. Consequently, in order to convict Johnson for the offense, the state was obligated to prove beyond a reasonable doubt that Johnson knowingly remained on the premises, after personally being ordered to leave, and recklessly disregarded a lawful order that he not remain. *Cf. Reynolds v. State*, 664 P.2d 621, 625 (Alaska App.1983) (good-faith actual belief, even if unreasonable and erroneous, that another person consents to sexual intercourse with defendant may preclude a finding of "reckless" disregard of risk of nonconsent necessary for conviction of first-degree sexual assault). If the trier-of-fact had a reasonable doubt regarding Johnson's knowledge of the risk that he had a right to be on the premises, or regarding the validity of the letter which ordered that he not ski, Johnson could not be convicted. *But see Brown Jug, Inc., v. Intern. Broth. of Teamsters*, 688 P.2d 932, 937–38 (Alaska 1984) (in civil action, intentional entry onto land of another constitutes intentional trespass even if trespasser believes that he or she has the right to be on the land). Interpreted in this way, the statute is not unconstitutionally vague.[3]

■ Johnson next argues that Judge Mason should not have sentenced him because the judge had previously recused himself.

There is some indication in the record that Judge Mason, having presided over Johnson's conviction in the earlier case, acquiesced in both parties' request that he not sit a second time. Nevertheless, Johnson appeared before District Court Judge Glen C. Anderson for a calendaring hearing and gave notice of an intent to change his plea, at which point a change of plea hearing was scheduled before Judge Mason, and a written order issued. Johnson was represented by counsel at this time but did not object to Judge Mason's assignment. Moreover, Johnson appeared with counsel before Judge Mason, changed his plea in apparent conformity with Alaska Criminal Rule 11, and was sentenced without objecting to Judge Mason's receiving the plea and imposing sentence. Under the circumstances, we find that Johnson waived any challenge for cause he might otherwise have had, and that Judge Mason was not deprived of jurisdiction to sentence Johnson by any earlier ambiguous references to his recusal.

■ Johnson next argues that prosecutorial misconduct mandates dismissal of the charges against him. Essentially, Johnson reasons that the prosecutor became aware of the charges stemming from the April incident while the earlier case based on the March incident was still pending; however, the prosecutor failed to notify Johnson of the new charges until after the completion of the earlier case. Johnson contends that he was prejudiced because he could not consolidate the two cases and receive a single sentence. He points out that he subsequently received an S.I.S. for the earlier offense, served out the one-year probationary period without incident, and had

---

**3.** It appears possible that Johnson did not understand that these were the elements of the offense and did not understand that he could litigate the validity of the order purporting to void his season's pass or any good faith claim of right he may have had to be on the premises despite the letter purporting to bar him. *Cf.* A. Hechtman, *Practice Commentaries*, N.Y.Penal Code § 140.00(5), 17 (McKinney 1975) (in criminal trespass, the absence of a license or a privilege [to enter and remain on the premises] is an essential element of the offense to be pleaded and proved by the people, *i.e.*, it is not simply a matter of defense). While the Alaska statute uses slightly different language, this would appear to be the law of Alaska as well. *See Arabie*, 699 P.2d at 894. If, when Johnson entered his plea, he misunderstood the offense, he should be permitted to withdraw his plea. *See* Alaska R.Crim.P. 11(c)(1) (the court shall not accept a plea of guilty or *nolo contendere* from a defendant without first addressing the defendant personally and determining that he understands the nature of the charge). *Cf.* Criminal Rule 11(f) (requirement that court determine that there is a reasonable basis for the plea before it is accepted).

that prior conviction set aside. He argues that under the circumstances it is unfair to be ordered to serve five days' imprisonment for the present offense.

In addition to claiming that he was denied an opportunity for consolidation, Johnson argues that he received insufficient discovery regarding materials the prosecution intended to use at sentencing. We have carefully considered these issues and find that Johnson has failed to sustain his claim of prosecutorial misconduct. At most, the record suggests the possibility of inadvertence and lack of communication between the arresting officers and the prosecution.

■ Finally, Johnson argues that his sentence is excessive and was partly based upon the prosecutor's factual misrepresentations. We have concluded that errors in connection with the sentencing require a remand for resentencing. We are particularly concerned that Johnson requested, but was denied, an opportunity to cross-examine witnesses whose hearsay statements were offered against him. Our decision requiring remand of this case moots Johnson's claims that he was given late discovery of materials relevant to sentencing. We assume that on remand, Johnson will have a full and fair opportunity to consider all relevant evidence and to cross-examine all witnesses who accuse him of reckless skiing, so that the trial court may make an informed judgment.

The judgment of the district court is AFFIRMED in part and this case is REMANDED for resentencing.[4]

---

**4.** Should Johnson seek to withdraw his plea, he should file a timely motion to that effect. *See* Alaska R.Crim.P. 11(h). We express no opinion regarding the merits of such a motion.