STATE of Tennessee, Appellant,

v.

Duane LYONS, Appellee.

Supreme Court of Tennessee,
at Jackson.

June 11, 1990.

Charles W. Burson, Atty. Gen. and Reporter, Byron M. Jones, Asst. Atty. Gen., Nashville, Jim Horner, Dist. Atty. Gen., Lyman Ingram, Asst. Dist. Atty. Gen., Dyersburg, for appellant.

Luther Wayne Robertson, Memphis, for appellee.

## OPINION

DROWOTA, Chief Justice.

The sole question presented by this direct appeal involves the constitutionality of T.C.A. §§ 39–3–1201(a) and 39–3–1203 (Supp.1988).[1]

The Defendant was arrested when he and another man allegedly persisted in preaching and distributing religious literature on the grounds of the Dyersburg High School after the county school superintendent requested they leave. The Defendant was indicted for criminal trespass under T.C.A. § 39–3–1201(a) and for trespass and disorderly conduct in a public school under T.C.A. § 39–3–1203. The trial court dismissed the indictment on the ground that both statutes are unconstitutionally vague, and the State has appealed directly to this Court pursuant to T.C.A. § 16–5–108(c). We now reverse the trial court.

The law applicable to a constitutional challenge to a criminal statute on the grounds of vagueness has been summarized in numerous cases. *See, e.g., State v. Wilkins,* 655 S.W.2d 914 (Tenn.1983); *State v. Thomas,* 635 S.W.2d 114 (Tenn. 1982); *State v. Schimpf,* 782 S.W.2d 186, 188–189 (Tenn.Cr.App.1989); *State v. Alcorn,* 741 S.W.2d 135, 138–139 (Tenn.Cr. App.1987).

It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972). The fair warning required embodied in the due process clause prohibits the states from holding an individual criminally responsible for conduct which he could not have reasonably understood to be proscribed. *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954). Due process requires that the law give sufficient warning so that people may avoid conduct which is forbidden. *Rose v. Locke,* 423 U.S. 48, 49–50, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975). *State v. Thomas, supra,* 635 S.W.2d at 116.

■ The due process doctrine of vagueness also encompasses as a principal element the requirement that legislatures set reasonably clear guidelines for law enforcement officials and triers of fact to prevent arbitrary and discriminatory enforcement. A statute may be held vague on its face if it provides no legally fixed standards and leaves to the "personal predilections" of an officer, prosecutor, judge or jury the determination of the illegality of conduct. *Smith v. Goguen,* 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974); *Giaccio v. Pennsylvania,* 382 U.S. 399, 86 S.Ct. 518, 520–521, 15 L.Ed.2d 447 (1966); *State v. Hinsley,* 627 S.W.2d 351, 354 (Tenn.1982); *State v. Alcorn, supra,* 741 S.W.2d at 139; *State v. Ash,* 729 S.W.2d 275, 279 (Tenn.Cr. App.1986).

In the case of § 39–3–1201(a) the Appellee specifically challenged as vague the term "lawful order." Section 39–3–1201(a) reads in pertinent part:

(1) Any person who defies a *lawful order,* personally communicated to him by the owner or other authorized person, not to enter or remain upon the premises of another, including premises which are at the time open to the public, shall be guilty of a misdemeanor....

(2) The owner of the premises, or his authorized agent, may, under this subsection, *lawfully order* another not to

---

1. Both statutes have been repealed by Public Acts 1989, ch. 591, § 1. The statutes replacing them, T.C.A. §§ 39–14–405 and 39–14–406, contain substantially different language.

enter or remain upon the premises if such person is committing, or commits, any act which interferes with, or tends to interfere with, the normal, orderly, peaceful or efficient conduct of the activities of such premises. Failure to comply with such *lawful order* shall constitute a misdemeanor punishable as provided in subdivision (1) of this subsection. (Emphasis supplied.)

The Defendant contends that the statute lends itself to arbitrary enforcement by the owner of the property or "authorized person" because the term "lawful order" is devoid of any specific guideline or definition. Defendant offers as persuasive authority the decision in *City of Seattle v. Rice*, 93 Wash.2d 728, 612 P.2d 792 (1980). There the Washington Supreme Court held that the words "lawful order" in a city trespassing ordinance containing language like that of § 39–3–1201(a)(1) were not sufficiently specific to satisfy the due process requirements of the void for vagueness doctrine. The court held the term did not inform persons of reasonable understanding of the conduct proscribed and invited arbitrary enforcement.

We note that courts in other jurisdictions have rejected the reasoning in *Rice* and have found no unconstitutional vagueness in the term "lawful order" or similar words used in substantially similar trespassing statutes. *See Johnson v. State*, 739 P.2d 781, 783 (Alas.App.1987); *State v. Chiapetta*, 513 A.2d 831, 832 (Me.1986). The Washington Supreme Court has recently repudiated the reasoning on which *Rice* was based, *see State v. Smith*, 111 Wash.2d 1, 759 P.2d 372 (1988); and the Washington Court of Appeals in *City of Seattle v. Davis*, 32 Wash.App. 379, 647 P.2d 536 (1982), held that *Rice* applies only to public buildings.

■ The vagueness doctrine does not invalidate every statute which a reviewing court believes could have been drafted with greater precision, especially in light of the inherent vagueness of many English words. *State v. Wilkins, supra,* 655

S.W.2d at 915; *State v. Thomas, supra,* 635 S.W.2d at 116. Nor does the fact that a statute like § 39–3–1201, applicable in a wide variety of situations, must necessarily use words of general meaning, because greater precision is both impractical and difficult, render that statute unconstitutionally vague. *State v. Andersen,* 370 N.W.2d 653, 663 (Minn.App.1985); *see Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 1647, 40 L.Ed.2d 15 (1974). It is the duty of this Court to adopt a construction which will sustain a statute and avoid constitutional conflict if its recitation permits such a construction. *Marion County Board of Commissioners v. Marion County Election Commission,* 594 S.W.2d 681, 685 (Tenn.1980); *see also State v. Hudson,* 562 S.W.2d 416, 418–419 (Tenn.1978).

■ The term "lawful order" while general in nature is not vague. The concept of "lawfulness" is not inherently unconstitutionally vague, and "people of common intelligence need not always guess at what a statute means by 'lawful'" inasmuch as that term must be considered in the context of the statements of law contained in relevant statutes and court rulings. *State v. Smith, supra,* 759 P.2d at 375.

The language of N.Y. Penal Law § 140.00 (McKinney 1988) is substantially similar to that of § 39–3–1203(a)(1); and New York's trespass statute, which incorporates § 140.00, has been held not to be unconstitutionally vague. *See People v. Bush,* 39 N.Y.2d 529, 384 N.Y.S.2d 733, 349 N.E.2d 832 (1976). We adopt the interpretation of "lawful order" in § 140.00 in *People v. Leonard,* 62 N.Y.2d 404, 477 N.Y. S.2d 111, 115, 465 N.E.2d 831, 835 (1984), wherein the New York Court of Appeals held that a "lawful order" is an order having

a legitimate basis and that, considering the nature and use of the subject property, its enforcement [does] not unlawfully inhibit or circumscribe the defendant from engaging in constitutionally or statutorily protected conduct.[2]

---

**2.** We point out that it is the State's burden under § 39–3–1201(a) to prove the order issued

was lawful. *See People v. Leonard,* 477 N.Y.S.2d at 114, 465 N.E.2d at 834.

■ The Appellee further contends that the definition of "lawful order" in § 39–3–1201(a)(2) is unconstitutionally vague and overbroad under the authority of *Baxter v. Ellington,* 318 F.Supp. 1079 (E.D.Tenn.1970), in which similar language in another Tennessee trespass statute, T.C.A. § 39–1215 [T.C.A. § 39–3–1204 (1982)], was held unconstitutionally vague and overbroad. We decline to follow the reasoning in *Baxter* and note that the statute attacked in that case had no requirement that the direction to leave the property be "lawful" and that the state courts had not given the statute a limiting construction precluding the infringement of First Amendment rights.

■ Our construction of the term "lawful order" as used in § 39–3–1201(a) significantly alleviates the risks of overbreadth raised by the Appellee. A law is constitutional unless it is substantially overbroad, and to succeed in a challenge based on overbreadth a defendant must demonstrate from the text of the law and actual fact that there are a substantial number of instances where the law cannot be applied constitutionally. *New York State Club Association v. City of New York,* 487 U.S. 1, 108 S.Ct. 2225, 2234, 101 L.Ed.2d 1 (1988) citing *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). The Appellee has not done this in the present case.

■ Even in the context of publicly owned property, where the dangers of overbreadth most often arise, the United States Constitution does not prevent evenhanded, lawful and nondiscriminatory enforcement of a state's general trespass statute. The State, no less than a private owner of property, has the power to preserve the property under its control for the use to which it is lawfully dedicated. *Adderley v. Florida,* 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966); *see also United States v. Grace,* 461 U.S. 171, 103 S.Ct. 1702, 1707, 75 L.Ed.2d 736 (1983). Depending upon the nature of the property, the exercise of First Amendment rights may be regulated so that they do not interfere with the ordinary use of property by other members of the public with an equal right of access to the property. *Amalgamated Food Employees Union v. Logan Valley Plaza, Inc.,* 391 U.S. 308, 88 S.Ct. 1601, 1609–1610, 20 L.Ed.2d 603 (1968). For these reasons, the definition of "lawful order" in § 39–3–1201(a)(2) does not run such a substantial risk of overbreadth as to render the statute facially unconstitutional.

Section 39–3–1203 prohibits trespassing and disorderly conduct on hospital and school property. The sections challenged provide:

Any person who trespasses in a building of any hospital or on the campus, property, or facilities of any private or public school and who there engages in any disorderly conduct is guilty of a misdemeanor.

(b)(1) For the purposes of this section, the phrase "disorderly conduct" shall include the following actions:

(A) Defacing, damaging or destroying property;

(B) Drinking intoxicating beverages or being in a drunken condition;

(C) Engaging in any action which constitutes a breach of the peace; and

(D) Refusing to comply with lawful directions of school or hospital personnel, including a request by administrative, professional, or security personnel, to leave the school or hospital premises.

The Appellee asserts, and the trial judge found, that the terms "trespass" in subsection (a) and "lawful directions" in subsection (b)(1)(D) are unconstitutionally vague. We hold that neither term as used in the statute is vague.

■ First of all, the word "trespass" is not vague. In determining whether a statute is unconstitutionally vague, it is appropriate to consider the natural and ordinary sense of the words of the statute and the "use of common experience." *State v. Wilkins, supra,* 655 S.W.2d at 915–916; *State v. Thomas, supra,* 635 S.W.2d at 116. In its broad and general sense "trespass" is commonly understood to mean an entry upon the soil of another in the absence of

lawful authority without the owner's license. *See Norvell v. Gray's Lessee*, 31 Tenn. 96 (1851). At common law, a trespass was not criminal unless accompanied by or tending to create a breach of the peace. *See Temple v. State*, 65 Tenn. 496 (1873); 87 C.J.S. *Trespass* § 140 (1954).

The history of § 39-3-1203 clarifies the meaning of "trespass" as used in the statute. In 1968, when the statute was originally enacted, there was no statutory offense of criminal trespass to which the word "trespass" could refer. It is obvious that the element of disorderly conduct and its definition in subsection (b) were intended to substitute for and expand upon the common-law-requirement of a breach of the peace before there could be criminal liability for an entry without license. The history further refutes the Appellee's argument that it is impossible to understand § 39-3-1203 without reference to § 39-3-1201(a). Section 39-3-1203 existed for almost twenty years before § 39-3-1201 was passed, and the two statutes arose from entirely discrete concerns and the terminology of one statute is in no way necessarily dependent upon that of the other for meaning.

For the same reasons applicable to the term "lawful order" in § 39-3-1201(a), the term "lawful direction" in § 39-3-1203(b)(1)(D) is neither constitutionally vague nor overbroad. We reiterate, however, that to be "lawful" a direction must have a legitimate basis, one which does not infringe upon statutory or constitutionally protected conduct.

We therefore reverse the holding of the trial court and remand. Costs are taxed against the Appellee.

FONES, COOPER and O'BRIEN, JJ., and TATUM, Special Justice, concur.