# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### January 4, 2005 Session

## CITY OF KNOXVILLE v. ENTERTAINMENT RESOURCES, LLC.

**Appeal by Permission from the Court of Appeals**
**Chancery Court for Knox County**
**No. 140736-2     Daryl Fansler, Chancellor**

---

### No. E2002-01143-SC-R11-CV - Filed June 29, 2005

---

FRANK F. DROWOTA, III, C.J., concurring in results.

I concur with the result reached by the majority. However, I am unable to join the majority's analysis and conclusion that Knoxville Code section 16-468 ("the Ordinance") is unconstitutionally vague on its face. In my view, we need not and should not consider whether the Ordinance is unconstitutionally vague on its face because this appeal may be resolved on the basis that it was unconstitutionally vague as applied to Fantasy Video.

## I. Vague As Applied

When Fantasy Video opened on August 3, 1998, its inventory consisted of 80% adult or sexually explicit, x-rated videos and 20% family or general videos. After police officers for the City of Knoxville ("City") began inspecting the store and issuing citations on an almost daily basis, Entertainment Resources changed the inventory and layout of Fantasy Video in an attempt to avoid continued classification as an adult bookstore under the Ordinance. A November 17, 1998, police inventory revealed that Fantasy Video's stock consisted of 57% general feature videos and 43% sexually explicit adult-oriented videos. The tally from a December 8, 1998, count revealed that Fantasy Video's stock consisted of 70% general feature videos and 30% sexually explicit adult-oriented videos. Thus, Entertainment Resources attempted to alter the balance of its inventory to avoid the reach of the Ordinance.

Entertainment Resources also sought guidance from various officials of the City of Knoxville as to what specific additional changes would be necessary for Fantasy Video to avoid the adult bookstore classification so that it could lawfully operate at the Papermill Road location without being subject to the Ordinance's restrictions. Neither the police who conducted inspections and issued citations to Fantasy Video nor the City's Law Department or the City Court judge assigned

to hear the citations provided the guidance that Entertainment Resources sought.[1]  In addition to seeking a declaratory judgment finding the Ordinance unconstitutional, Entertainment Resources sought in its counterclaim a declaratory judgment construing "adult bookstore" in a manner that would make it possible to know what additional changes would be necessary for Fantasy Video to avoid the adult bookstore classification and to operate lawfully at the Papermill Road location.  The injunction did not provide additional guidance but instead merely enjoined Entertainment Resources "during the pendency of this action from operating an adult bookstore at 6422 Papermill Road, Knoxville, Tennessee."  Thus, upon reviewing the facts and procedural history of this case, I am fully convinced that the Ordinance is unconstitutionally vague as it has been applied to Fantasy Video; therefore, I concur with the result reached by the majority.


## II.  Facial Vagueness Challenge

Having concluded that this appeal may be resolved on the basis of how the Ordinance has been applied, I cannot agree with the majority decision holding the Ordinance vague on its face and thus unconstitutional in all its applications.  This Court has  recognized that "'[a] facial challenge to a legislative Act is . . . the most difficult challenge to mount successfully since the challenger must establish that no set of circumstances exist under which the Act would be valid.'"  Davis-Kidd Booksellers, Inc. v. McWherter, 866 S.W.2d 520, 525 (Tenn. 1993) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)).  Striking down a statute on its face therefore is "'strong medicine'" which should be employed "'with hesitation, and then only as a last resort.'"  Id. (quoting New York v. Ferber, 458 U.S. 747, 769 (1982)).  Administering such "strong medicine" is not necessary in this appeal because, as previously explained, the record illustrates that the Ordinance has been unconstitutionally applied to Fantasy Video.

Nonetheless, the majority states: "In evaluating a law, such as the Knoxville ordinance, that is capable of reaching protected expression, we inquire only whether the law is vague on its face. We need not consider whether it is vague as applied to the defendant.  NAACP v. Button, 371 U.S. 415, 432-33 (1963); see also U. S. v. Mazurie, 419 U.S. 544, 550 (1975)."  First, the decisions cited in support of the majority's statement predate United States Supreme Court decisions which appear to require precisely the opposite analysis.  For example, in Young v. American Mini Theatres, Inc., 427 U.S. 50, 59-61 (1976), the Court began its analysis by considering whether the challenged Detroit ordinance[2] was vague as applied to the defendants, stating:

---

[1]Why the City failed to provide guidelines to businesses affected by the Ordinance is unclear, particularly when the United States Supreme Court has considered such guidelines relevant in rejecting a vagueness challenge to an ordinance.  See, e.g., Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 503-04 (1982).  The City's refusal to respond to Entertainment Resources specific requests for guidance also is inexplicable.  As the majority points out, the City must have had some notion of what amount of sexually-explicit material was tolerable under the Ordinance because the City had taken the position that Gemstone Video Stores was not in violation of the Ordinance.

[2]Notably, the Ordinance Entertainment Resources challenges as unconstitutionally vague in this appeal uses language identical to that in the Detroit ordinance at issue in Young, which defined "adult bookstore" as "[a]n establishment having as *a substantial or significant portion of its stock in trade*, books, magazines, and other periodicals
(continued...)

It is clear, therefore, that any element of vagueness in these ordinances has not affected these respondents. To the extent that their challenge is predicated on inadequate notice resulting in a denial of procedural due process under the Fourteenth Amendment, it must be rejected.

Young, 427 U.S. at 59. Only after considering and rejecting the as-applied vagueness challenge did the Court consider and also reject the facial vagueness challenge. The Court explained:

> We are not persuaded that the Detroit zoning ordinances will have a significant deterrent effect on the exhibition of films protected by the First Amendment. As already noted, the only vagueness in the ordinances relates to the amount of sexually explicit activity that may be portrayed before the material can be said to be "characterized by an emphasis" on such matter. For most films the question will be readily answerable; to the extent that an area of doubt exists, we see no reason why the ordinances are not "readily subject to a narrowing construction by the state courts." Since there is surely a less vital interest in the uninhibited exhibition of material that is on the borderline between pornography and artistic expression than in the free dissemination of ideas of social and political significance, and since the limited amount of uncertainty in the ordinances is easily susceptible of a narrowing construction, we think this is an inappropriate case in which to adjudicate the hypothetical claims of persons not before the Court.

Young, 427 U.S. at 60-61. Thus, the Court in Young did not consider the facial vagueness challenge until it had first considered and rejected the as-applied vagueness challenge.

Furthermore, I do not believe the cited authority supports the proposition for which it has been cited. The Court in Button stated:

> We have no doubt that the opinion of the [Virginia Supreme Court] in the instant case was intended as a full and authoritative construction of Chapter 33 *as applied in a detailed factual context*. That construction binds us. For us, the words of Virginia's highest court are the words of the statute. [citation omitted] We are not left to speculate at large upon the possible implications of bare statutory language.

371 U.S. at 432 (emphasis added); see also Mazurie, 419 U.S. at 550. Neither Button nor Mazurie involved facial constitutional challenges to zoning ordinances of the type at issue in this appeal.

---

[2](...continued)

which are distinguished or characterized by their emphasis on matter depicting, describing or relating to 'Specified Sexual Activities' or 'Specified Anatomical Areas' (as defined below), or an establishment with a segment or section devoted to the sale or display of such material." Young, 427 U.S. at 53 n.5 (emphasis added). Unlike the majority, the United States Supreme Court in Young refused to find this language unconstitutionally vague, stating "the only vagueness in the ordinances relates to the amount of sexually explicit activity that may be portrayed before the material can be said to be 'characterized by an emphasis' on such matter." Id. at 61.

Indeed, constitutional challenges to such ordinances are evaluated pursuant to a distinct First Amendment analysis. See, e.g., City of Los Angeles v. Alameda Books, Inc., 535 U.S. 425 (2002); City of Renton v. Playtime Theatres, Inc., 475 U.S. 41 (1986) (citing Clark v. Community for Creative Non-Violence, 468 U.S. 288 (1984)).

Moreover, the majority's willingness to hold the Ordinance facially unconstitutional cannot be justified as a proper application of the overbreadth doctrine.[3] The overbreadth doctrine is an exception to normal standing principles which, despite the general rule disfavoring facial constitutional challenges, permits a litigant "to challenge the [facial] constitutionality of a statute which *is not unconstitutional as applied* but which may be unconstitutional in some cases in order to protect the right of free speech." 16 Am. Jur. 2d Constitutional Law § 140 (1998) (emphasis added); see also Davis-Kidd Booksellers, Inc., 866 S.W.2d at 525. However, the overbreadth doctrine does not dispense with the general principle that courts consider facial challenges to the constitutionality of statutes only as a last resort. Indeed, "the [overbreadth] doctrine should be applied sparingly and used only as a last resort. And for it to apply, there must be a realistic danger that the statute will significantly compromise the recognized First Amendment rights of persons not before the court." 16 Am. Jur. 2d Constitutional Law § 140 (1998); see also Davis-Kidd Booksellers, Inc., 866 S.W.2d at 525. In this appeal, the "last resort" overbreadth doctrine need not be applied because the case may be resolved by finding that the Ordinance has been unconstitutionally applied to Entertainment Resources.

Even assuming it were necessary to evaluate Entertainment Resources' facial vagueness challenge to the constitutionality of the Ordinance, I would be unable to agree with the analysis which the majority employs and the result which the majority reaches. Before a statute is held unconstitutionally vague on its face, courts have a duty to consider whether the challenged law is "readily susceptible" to a narrowing construction that would make it constitutional, and if so, courts have a duty to adopt the narrowing construction and to uphold the constitutionality of the statute. Davis-Kidd Booksellers, Inc., 866 S.W.2d at 529.

> A statute is not vague which by orderly processes of litigation can be rendered sufficiently definite and certain for purposes of judicial decision. Courts should consider any limiting instructions of the challenged statute that state authorities have proffered. In fact, it is the duty of the courts to adopt a construction which will sustain a statute and avoid constitutional conflict if its recitation permits such a construction.

State v. Burkhart 58 S.W.3d 694, 697-98 (Tenn. 2001) (internal quotations and citations omitted). When determining whether an ordinance is unconstitutionally vague, courts must consider any

___

[3]Although the majority expressly disavows reliance upon the overbreadth doctrine, at page thirteen, the majority, quoting Young, sets out the standard that it later applies to strike down the Ordinance, and this is the same standard applied by courts to evaluate overbreadth challenges. See Young, 427 U.S. 59 n.17 (citing cases and discussing the circumstances in which the Court had considered facial overbreadth challenges even though the statutes had been constitutionally applied to the challengers).

regulatory refinements or limiting constructions.  See Village of Hoffman Estates, 455 U.S. at 494 n. 5; Grayned v. City of Rockford, 408 U.S. 104, 110 (1972); see also, State v. Lyons, 802 S.W.2d 590, 592 (Tenn. 1990) (rejecting the facial vagueness challenge by adopting and applying to a Tennessee statute the interpretation of "lawful order" which the New York Court of Appeals had adopted and applied to a similar New York statute).

Rather than proffering a limiting instruction, the City has maintained that the Ordinance is constitutional without a limiting instruction because the terms "substantial" and "significant" are words ordinarily used and easily understood by "men of common intelligence."  The City has argued that when the challenged phrase is considered "in the context of the Ordinance as a whole, and in light of other cases construing the phrase, the phrase cannot be said to be devoid of meaningful legislative standards."   In support of its assertions, the City has pointed to other cases which have rejected vagueness challenges to language identical or nearly identical to the language at issue in this appeal.  See, e.g. Golden Triangle News, Inc. v. Corbett,  689 A.2d 974, 984-985 (Pa. Commw. Ct. 1997)("[T]he terms 'substantial' and 'significant' have recognized meanings in the English language and the use of such in the definition of 'adult bookstore' does not render it vague merely because a percentage of business in one type of item is not specified."); City of Chicago v. Scandia Books, Inc., 430 N.E.2d 14, 18 (Ill. Ct. App. 1981) ("In support of their claim that the provision of the Ordinance which defines adult bookstores is vague, defendants point to the words, 'substantial or significant' as being unconstitutionally vague.  We find defendants' argument without merit. The word, 'substantial' as used in the definition of adult bookstores is not so indefinite as to render the Ordinance void and unenforceable. That term has been construed as having an ascertainable meaning in numerous statutory schemes. (citations omitted)"); Mom N Pops, Inc. v. City of Charlotte, 979 F. Supp. 372, 393 (W. D. N. C. 1997) ("Applying th[e] reasoning [of Young] to the challenged phrases, construing them in light of this detailed ordinance as a whole, and in light of cases either construing those very phrases or affording principles for so doing, the undersigned concludes that the challenged definitions and phrases are not devoid of meaningful legislative standards and are reasonably specific and precise, 'bearing in mind that unavoidable imprecision is not fatal and celestial precision is not necessary.'").  Additionally, the City has pointed out that the Ordinance uses the exact same terminology which many state and federal statutes employ.  As the City notes in its brief, the word "substantial" appears 419 times in the Tennessee Code and the word "significant" appears 221 times.  Similarly, the terms "substantial" and "significant" each appear over 2,000 times in the United States Code.  For all these reasons, the City maintains that the Ordinance is not unconstitutionally vague.

The City is correct in its assertion that the terms used in the Ordinance are commonly used in many statutes and ordinances.  As a result,  courts have often applied context-appropriate definitions to these terms.  See 38 Tenn. Digest 2d. *Substantial* (West 1999 & Supp 2004) (citing cases which defined the terms "substantial," "substantial abuse," "substantial and material evidence," "substantial and material change in circumstances," "significant part," and "significant state involvement").

Indeed, this Court recently defined the word "substantial" by referencing <u>Black's Law Dictionary</u>. <u>See</u> <u>In re Valentine</u>, 79 S.W.3d 539, 548-49 (Tenn. 2002). We adopted a meaning appropriate to the context of the statute in which the term had been used, stating as follows:

> Substantial noncompliance is not defined in the termination statute. The statute is clear, however, that noncompliance is not enough to justify termination of parental rights; the noncompliance must be substantial. Black's Law Dictionary defines "substantial" as "[o]f real worth and importance." *Black's Law Dictionary* 1428 (6th ed. 1990). In the context of the requirements of a permanency plan, the real worth and importance of noncompliance should be measured by both the degree of noncompliance and the weight assigned to that requirement. Terms which are not reasonable and related are irrelevant, and substantial noncompliance with such terms is irrelevant.

<u>Id.</u> I agree with the majority that this definition of "substantial" makes little sense in the context of the Ordinance. That is true because "[t]he background, purpose, and general circumstances under which words are used in a statute must be considered, and it is improper to take a word or a few words from its context and, with them isolated, attempt to determine their meaning." <u>Eastman Chemical Co. v. Johnson</u>, 151 S.W.3d 503, 507 (Tenn. 2004). However, our willingness to apply a context-appropriate definition to one of the terms which appears in the Ordinance suggests that the challenged terms are "readily susceptible" to context-appropriate narrowing definitions which would alleviate any perceived unconstitutional vagueness. <u>See, e.g.</u>, <u>Lyons</u>, 802 S.W.2d at 592 ("The concept of 'lawfulness' is not inherently unconstitutionally vague, and people of common intelligence need not always guess at what a statute means by 'lawful' inasmuch as that term must be considered in the context of the statements of law contained in relevant statutes and court rulings."). Given the common usage of these terms and the fact that this Court, and other courts, have applied context-appropriate definitions, the majority's conclusion that the Ordinance is not "readily susceptible" to a limiting, context-appropriate construction is puzzling. <u>See</u> <u>State v. Netto</u>, 486 S.W.2d 725, 729-30 (Tenn. 1972) (rejecting the facial vagueness challenge and stating that the statute used "ordinary terms to express ideas which find adequate usage and understanding. The use of common experience as a glossary is necessary to meet the practical demands of legislation.").

Indeed, even Entertainment Resources recognizes that any perceived vagueness problem in the Ordinance could have been cured. As an example of "constitutionally sufficient" specificity, Entertainment Resources points to a Nashville zoning ordinance which defines "Adult video store" as "a commercial establishment having a majority of its stock or a majority of its floor space dedicated to adult videos." In my view, the phrase, "substantial or significant portion of its stock and trade," used in the City's Ordinance is readily susceptible to a narrowing construction similar to the definition used in the Nashville ordinance. Indeed, construing the phrase "substantial or significant portion of its stock and trade" to mean "a majority portion of its stock and trade" would

-6-

be wholly consistent with the commonly recognized meanings of the terms used in the Ordinance and would hardly constitute a "drastic revision," as the majority suggests.[4]

### III.  Conclusion

Although I agree with the majority that "this is not a case where further precision in the statutory language is either impossible or impractical," Kolender v. Lawson, 461 U.S. 352, 361 (1983), in my view, we need not and should not consider whether the Ordinance is unconstitutionally vague on its face.  This appeal can and should be resolved on the basis that the Ordinance was unconstitutionally vague as applied to Fantasy Video.  Even assuming it were necessary to consider the facial vagueness challenge, I would be unable to agree with the majority's analysis and conclusion because I am of the opinion that the Ordinance is readily susceptible to a narrowing construction.  For all these reasons, I concur only in the result reached by the majority.

_____
FRANK F. DROWOTA, III,
CHIEF JUSTICE

---

[4]See, e.g., Webster's Third New Int'l Dictionary of the English Language Unabridged, 1768, 2116, 2280 (Philip Babcock Gove ed. 1971) (defining "substantial" as "considerable in amount, value, or worth"; defining "significant" as "important, weighty, notable"; and defining "portion" as "a part of a whole").