# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
May 10, 2005 Session

## STATE OF TENNESSEE v. PAUL FRIEDMAN

**Direct Appeal from the Circuit Court for Giles County**
**No. 10968    Stella L. Hargrove, Judge**

---

**No. M2004-01266-CCA-R3-CD - Filed June 8, 2005**

---

The Defendant, Paul Friedman, pled guilty to one count of promoting prostitution. Pursuant to Tennessee Rule of Criminal Procedure 37, the Defendant reserved as a certified question of law the issue of whether Tennessee Code Annotated section 39-13-512 (2003), et seq., under which he was indicted, was unconstitutional. We conclude that this statute is constitutional, and the judgment of the trial court is therefore affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

John E. Herbison, Nashville, Tennessee, for the appellant, Paul Friedman.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; Mike Bottoms, District Attorney General; Beverly J. White, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
## I.  Facts

        This case arises from the Defendant's violation of Tennessee Code Annotated section 39-13-515, which makes it an offense to promote prostitution. On April 23, 2003, the Giles County Grand Jury indicted the Defendant for one count of promoting prostitution. On February 17, 2004, the Defendant filed a motion to dismiss the indictment, contending that Tennessee Code Annotated section 39-13-512, et seq. was unconstitutional. On April 19, 2004, the Defendant pled guilty to one count of promoting prostitution, reserving as a certified question of law the constitutionality of the statute under which he was indicted.

        The transcript of the guilty plea is not included in the record, but at the hearing on the Defendant's motion, the following evidence was presented: Michael R. Chapman, an investigator

for the Giles County Sheriff's Department, testified that he interviewed the Defendant and half of the employees of the Island Spa. He said that the Island Spa is a commercial business that involved masturbation for hire. The investigator testified that the Island Spa was located in a building where a patron could not gain access unless a locked door was opened from the inside by an employee. He said that, inside the building, there were individual rooms, each of which had a door. Investigator Chapman testified that, when he interviewed the Defendant, the Defendant told him that he was the owner of the Island Spa. The Defendant also told him that each customer at the Island Spa would initially be given a shower, and then it was the customer's choice whether to go to a Jacuzzi or a "rub." The Defendant referred to the massage as a "rub" or a "full body rub" because none of the employees were licensed masseuses. If the customer requested a full body rub, before the employee completed the rub she would ask whether there was any part of the customer that she had not rubbed that the customer wished to have rubbed. The Defendant said that then, if the customer placed the employee's hand on his genitalia, the employee would masturbate the customer. The Defendant told the investigator that the employee could choose to take her top or her bikini bottoms off during the full body rub. The Defendant said that the employee received $30 of the $100 fee that the customer paid to Island Spa.

On April 29, 2004, the trial court denied the Defendant's motion to dismiss the indictment, finding:

> 1. That Defendant, Friedman, does have standing to challenge the statutes
> 2. That the Court does have an interest in Fundamental Rights of Consenting adults. **However**, the [C]ourt additionally finds that the Island Spa was a licensed commercial business–licensed as a spa. The service they were providing was masturbation for hire.
>
> THEREFORE, the Court finds that the State of T.C.A. 39-13-512 through 516 are constitutional and hereby denies the [D]efendant[']s motion to dismiss the indictment.

In its final order, the trial court stated the certified question of law, appealable to this Court, as: "Whether the trial court erroneously denied the Defendant's motion to dismiss the indictment and for the determination of unconstitutionality of Tenn. Code Ann. § 39-13-512, et seq."

## II. Analysis
### A. Certified Question of Law

Because this appeal comes before us as a certified question of law, pursuant to Rule 37(b) of the Tennessee Rules of Criminal Procedure, we must first determine whether the question presented is dispositive. Tennessee Rule of Criminal Procedure 37(b) provides, in pertinent part, that:

> An appeal lies from any order or judgment in a criminal proceeding where the law

-2-

provides for such appeal, and from any judgment of conviction . . . upon a plea of guilty . . . [if] . . . [t]he defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case and the following requirements are met:

(A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by the defendant for appellate review;
(B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
(C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
(D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .

State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988) (quoting Tenn. R. Crim. P. 37(b)(2)). The record evinces that the requirements of Rule 37 are met. The final order contains a hand-written statement of the certified question of law, and the trial judge signed below the hand-written statement. The question of law is, therefore, stated in the final order and clearly identifies the scope and limits of the legal issue reserved. Further, the hand-written statement indicates that the question of law is reserved "with the consent of the State and the trial judge." Finally, the certified question of law is dispositive of the case. A dispositive issue is one where the appellate court "must either affirm the judgment or reverse and dismiss. A question is never dispositive when [the appellate court] might reverse and remand for trial . . . ." State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). If we hold that Tennessee Code Annotated section 39-13-512, et seq. is unconstitutional, the Defendant's conviction cannot stand, and the indictment against him for violating this statute must be dismissed. Therefore, this issue is dispositive on appeal, and we now decide the merits of the certified question of law on appeal.

## B. Tennessee Code Annotated section 39-13-512, et seq.

The Defendant contends that Tennessee Code Annotated section 39-13-512, et seq. is unconstitutional for two reasons. He contends that the statute violates his fundamental constitutional rights of privacy and personal autonomy, thereby violating his constitutional guarantees to substantive due process. He asserts that the right to engage in sexual activity is a fundamental right and that this statute is, therefore, subject to a strict scrutiny analysis. He also asserts that the Tennessee Constitution protects an individual's right to make inherently personal decisions, and to act on those decisions. Further, he contends that the decision to engage in sex is an inherently personal decision. The Defendant relies on the Court of Appeals decision in Campbell v. Sundquist, 926 S.W.2d 250, 262 (Tenn. Ct. App. 1996), and the Tennessee Supreme Court opinion in Planned Parenthood v. Sundquist, 38 S.W.3d 1, 15 (Tenn. 2000), for the proposition that an adult's right to engage in consensual and noncommercial sexual activities is a matter which is at the heart of

Tennessee's protection of right to privacy. The State agrees that consenting adults have a right to engage in consensual and noncommercial sexual activities in the privacy of their own home, but it asserts that this right does not encompass the practice of engaging in sexual activity in a public place, namely a business, or engaging in prostitution.

Appellate courts are charged with upholding the constitutionality of statutes wherever possible. State v. Lyons, 802 S.W.2d 590, 592 (Tenn. 1990). In other words, we are required to indulge every presumption and resolve every doubt in favor of the constitutionality of the statute when reviewing a statute for a possible constitutional infirmity. Id. The right to privacy is addressed within the context of due process guaranties. State v. Smith, 6 S.W.3d 512, 515 (Tenn. Crim. App. 1999). Protection against infringement of fundamental rights is guaranteed by both the United States and Tennessee Constitutions. See U.S. Const. amend XIV; Tenn. Const. art. I, § 8. "When a challenge is made alleging infringement of a fundamental right, "strict scrutiny" of the legislative classification is only required when the classification interferes with the exercise of a "fundamental right" or operates to the peculiar disadvantage of a suspect class." Smith, 6 S.W.3d at 515 (citing Evans v. Steelman, 970 S.W.2d 431, 435 (Tenn. 1998); State v. Tester, 879 S.W.2d 823, 827 (Tenn. 1994) (citations omitted)). However, if no fundamental right or suspect class is affected, the court must determine whether there is some rational basis to justify a classification set out in a statute. Steelman, 970 S.W.2d at 435 (citation omitted).

In the case under submission, there is no dispute that the challenged statutory provision does not involve a suspect class, thus, our initial determination remains whether the Defendant's right to own and operate a business where he is aware that his employees engage in sexual activity with his customers for a monetary fee is a guaranteed "fundamental right." "Fundamental rights" have been defined by the United States Supreme Court as "those fundamental rights that are implicit in the concepts of ordered liberty such that neither liberty nor justice would exist if they were sacrificed." See Palko v. Connecticut, 302 U.S. 319 (1937), *overruled on other grounds by* Benton v. Maryland, 395 U.S. 784 (1969).

The statute at issue in this case makes it a crime to "promote prostitution." See Tenn. Code Ann. § 39-13-515. "Promoting prostitution" means: (A) Owning, controlling, managing, supervising, or in any way keeping, alone or in association with others, a business for the purpose of engaging in prostitution, or a house of prostitution . . . ." Tenn. Code Ann. § 39-13-512(4)(A). "Prostitution" means "engaging in . . . sexual activity as a business" and "sexual activity" is defined as "any sexual relations." Tenn. Code Ann. §§ 39-13-512(5), (6).

"Prostitution is not constitutionally protected conduct." State v. Joseph Chi-Choi Wong, No. M2003-00504-CCA-R3-CD, 2004 WL 1434384, at *13 (Tenn. Crim. App., at Nashville, June 25, 2004), *perm. app. denied* (Tenn. Dec. 6, 2004) (holding that Tennessee Code Annotated section 39-13-512 was not unconstitutionally vague or overbroad) (citing Ellwest Stereo Theater, Inc. v. Bill Boner, 718 F. Supp. 1553, 1561-62 (M.D. Tenn. 1989)). Further, the "State clearly has the authority to criminalize prostitution and obscene behavior." Barnes v. Glen Theatre, Inc., 501 U.S. 560, 575 (1991). "There is unquestionably a control in the states over the morals of their citizens, and, it may

be admitted, it extends to making prostitution a crime." <u>Hoke v. United States</u>, 227 U.S. 308, 321 (1913). While it is true that consenting adults have a right to privacy that extends to entitle them, in certain circumstances, to engage in sexual activity in the privacy of their home, <u>see</u> <u>Campbell</u>, 926 S.W.2d at 262, there is no such entitlement to do so in a public place. <u>See</u> <u>Broadway Books, Inc. v. Roberts</u>, 642 F. Supp. 486, 492 (E.D. Tenn. 1986); <u>State v. Lunati</u>, 665 S.W.2d 739, 748 (Tenn. Crim. App. 1983); <u>Wong</u>, 2004 WL 1434384, at *13.

In accordance with the foregoing, we conclude that the statute at issue in this case does not infringe on the Defendant's fundamental right of privacy. As previously stated, the State has a control over the morals of its citizens and this extends to making prostitution a crime. It follows that this control also extends to making the promotion of prostitution a crime. The Defendant admitted to owning a business where customers paid $100 and received a shower after which they were offered a massage. The Defendant's employee would then ask if the customer would like anything else massaged, and the customer could choose to place the employee's hand on his groin and, if the customer so chose, the customer would be masturbated by the employee. The employee received $30 of the $100 fee. We can think of fewer more clear examples of prostitution or the promotion of prostitution, and the State has a right to criminalize this conduct without infringing on the privacy rights of its citizens. Accordingly, we conclude that Tennessee Code Annotated section 39-13-512, <u>et seq.</u>, is not unconstitutional as applied to the Defendant. This issue is without merit.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we conclude Tennessee Code Annotated section 39-13-512, <u>et seq.</u>, is not unconstitutional. Accordingly, we AFFIRM the Defendant's conviction.

_____
ROBERT W. WEDEMEYER, JUDGE