THE STATE OF WASHINGTON, *Appellant,* v. MADELINE LOOMIS ANDERSON *et al., Respondents.*

*Christopher T. Bayley, Prosecuting Attorney, James E. Warme* and *David Boerner, Deputies,* for appellant.

*Schweppe, Doolittle, Krug, Tausend, Beezer & Beierle, Alfred J. Schweppe,* and *Donald L. Logerwell,* for respondents.

UTTER, J.—The state appeals a determination by the trial court that chapter 280 of the Laws of 1971, 1st Ex. Sess. is unconstitutional and void in its entirety and the court's

dismissal of the state's information based on a portion of that statute.

It is the state's contention that although a portion of chapter 280 relating to bingo may be void, the portions relating to professional gambling are separable and the elimination of the invalid part of the act would not render the remainder of the act incapable of accomplishing the purposes of the legislature. We conclude the act is separable, and reverse the order of the trial court dismissing the information.

Respondents were arrested and charged with violating section (4)(a) of chapter 280 on charges of professional gambling. At the time of trial in superior court, the trial judge heard argument of counsel, considered memoranda of authorities and entered findings of fact. The first of these findings found that the law in question was "adopted by the legislature for the sole purpose of legitimizing bingo and certain limited raffles when operated by charitable and other non-profit organizations." The second finding was that sections of chapter 280 relating to the attempted legitimation of bingo and raffles are "unconstitutional because they are directly contrary to the prohibition expressed in Article II, section 24, of the Washington constitution . . ." The last finding was that "Since the sole purpose of Chapter 280 was to legitimize bingo and since the remaining provisions of Chapter 280 not related to bingo would not have been enacted but for the attempt to authorize bingo games operated by charitable organizations, Chapter 280 is unconstitutional and void in its entirety."

It is important to note that in this appeal appellant does not assign error to the finding of the trial court that the attempted legitimation of bingo and raffles is unconstitutional and our action in this case does not disturb that finding of the trial court.

The sole issue before us is whether the superior court erred in finding those portions of the statute enacting new laws relating to gambling unseverable from what was conceded to be an unconstitutional attempt to legitimize bingo.

■ An act of the legislature is not unconstitutional in its entirety because one or more of its provisions is unconstitutional unless the invalid provisions are unseverable and it cannot reasonably be believed that the legislature would have passed the one without the other, or unless the elimination of the invalid part would render the remainder of the act incapable of accomplishing the legislative purposes. *Boeing Co. v. State*, 74 Wn.2d 82, 442 P.2d 970 (1968). The constitutionality of the remaining portion of the statute is subject to alternative tests, the first dependent upon whether the legislature would have passed the remaining portion of the statute without the unconstitutional portion, or, alternatively, whether the elimination of the unconstitutional portion so destroys the act as to render it incapable of accomplishing the legislative purposes. We deal only with the first alternative.

■ The determination by this court of whether the legislature would have passed one portion of the act without the other is assisted by the absence or presence of language in the act indicating legislative intent. When a provision in an act states if any section or provision should be adjudged to be invalid or unconstitutional, such adjudication should not affect the validity of the act as a whole or any provision or part thereof not adjudged invalid or unconstitutional, such a provision furnishes assurance to the court that it may properly sustain the separate sections or provisions of a partially invalid act without hesitation or doubt as to whether the legislature would have adopted the valid portion had they been advised of the invalidity of the affected part. *Hill v. Wallace*, 259 U.S. 44, 66 L. Ed. 822, 42 S. Ct. 453 (1922); *State ex rel. King County v. Tax Comm'n*, 174 Wash. 336, 340, 24 P.2d 1094 (1933); *Jensen v. Henneford*, 185 Wash. 209, 221, 53 P.2d 607 (1936). The presence of a severability clause, in light of these cases, offers to the courts the necessary assurance that the remaining provisions would have been enacted without the portions which are contrary to the constitution.

The severability clause in this case, section 21 of chapter 280, provides:

If any provision of this 1971 amendatory act, or its application to any person or circumstance is held invalid, the remainder of the act, or the application of the provision to other persons or circumstances is not affected: PROVIDED, That should provisions of this 1971 amendatory act pertaining to the playing of bingo, or holding raffles, or permitting the operation of amusement games be held invalid or unconstitutional by the supreme court of the state of Washington as being violative of Article II, section 24, of the Constitution of the state of Washington, then the provisions hereof relating to each such item as aforesaid specifically declared invalid or unconstitutional by such court shall remain inoperative unless and until the qualified electors of this state shall approve an amendment to Article II, section 24, of the Constitution which may remove any constitutional restrictions against the legislature enacting such laws.

We are not concerned with the operative effect of the second proviso in the severability clause. It deals with the portion of the act relating to bingo. The words of the first proviso are clear and in the general language of the severability clauses construed in our earlier cases.

Respondents attempt to diminish the importance of the severability clause by urging that it is "merely an aid to interpretation and is not binding upon the court in any event." *State ex rel. Pennock v. Coe,* 42 Wn.2d 569, 585, 257 P.2d 190 (1953). In *Pennock,* the argument was made that the act there questioned could be severable for referendum purposes and that a referendum could be held on portions of an act as distinguished from the entire act. In that context, we held a severability clause does not make an act severable for referendum purposes and noted that its proper use, as illustrated by this case, is to take care of the contingency that a court might hold a part of an act to be unconstitutional and to minimize a possibility of a holding that the entire act is invalid.

Respondents further contend that had the legislature intended to carry out two purposes in enacting chapter 280, it

could have indicated that it would have passed the nonoffensive portions without the bingo provisions. The original bill which began as HB 291 contained in section 12 a standard severability clause, similar to the one contained in the final bill, followed by language stating "The legislature hereby declares that it would have enacted this 1971 amendatory act if subsections (11) and (12) of section 2, of this 1971 amendatory act, and the provisions relating to bingo and raffles, contained in sections 3, 4, 5, and 6 of this amendatory act had been omitted." This language was not contained in the bill upon final passage. The inclusion of the language stricken would have been a clear expression of legislative intent. In light of the language in the *King County* and *Jensen* cases indicating we will ascribe a similar intent to the mere presence of a severability clause, the additional language initially contained in the bill was, however, not necessary and its omission in the final bill is not indicative of a contrary intent by the legislature.

It is further urged by respondents that this court has not been reluctant to strike down other statutes where the legislative purpose was defeated by invalidation of some sections, a severability clause notwithstanding. *Power, Inc. v. Huntley,* 39 Wn.2d 191, 203, 235 P.2d 173 (1951). The question before the court in *Huntley* differs from the one in this case.

In *Huntley,* the court was faced with an alleged violation of article 2, section 19 of our state constitution which states "No bill shall embrace more than one subject, and that shall be expressed in the title." The act in question contained a severability clause and the argument was made that where the title to the bill contained two separate, unrelated subjects, one could be eliminated by virtue of the severability clause and the remaining one would still be valid. The court held it could not choose between two unrelated subjects and eliminate one of them when article 2, section 19 is violated and a severability clause does not enable the court to make such a choice. The holding in *Huntley* is, therefore, not in point.

*State ex rel. Evans v. Brotherhood of Friends,* 41 Wn.2d 133, 247 P.2d 787 (1952), is cited by respondents as controlling of the issues presented in this case. The court there held an entire act to be inseparable as a legislative enactment and considered it as a unit. An examination by the court of the legislative history of the act there in question convinced it that the penal provisions, making violations punishable as a felony, would not have been enacted without an exception legalizing slot machines in profit or nonprofit clubs. The bill before the court in *Evans* contained no severability clause, and the legislative intent inferable from such a clause was not before the court. For that reason, *Evans* is not authority for this case.

If we are to consider the legislative history of the bill apart from the severability clause, we hold that an examination of the history of the bill establishes a reasonable basis to believe the legislature would have passed the provisions relating to regulation of gambling without those provisions legalizing bingo. Section 1, of chapter 280, states:

> It is hereby declared to be the policy of the legislature, recognizing the close relationship between professional gambling and organized crime, to restrain all persons from seeking profit from professional gambling activities in this state; to restrain all persons from patronizing such professional gambling activities; to safeguard the public against the evils induced by common gamblers and common gambling houses engaged in professional gambling; and at the same time, to preserve the freedom of the press and to avoid restricting participation by individuals in sports and social pastimes, which social pastimes are more for amusement rather than for profit, do not maliciously affect the public, and do not breach the peace.

The section also contained a declaration of legislative intent to allow nonprofessional bingo.

■ A legislative declaration of the basis and necessity for enactment is deemed conclusive as to the circumstances asserted and must be given effect unless, by the facts of which a court can take judicial notice, it can be said that

the legislative declaration on its face is obviously false. *Hoppe v. State*, 78 Wn.2d 164, 469 P.2d 909 (1970). This declaration of intention must be given the weight accorded by our previous rulings and facts have not been submitted which would allow this court, taking only those facts of which it can take judicial notice, to say the declaration on its face is obviously false.

In addition, as a further indication of legislative intent, the Governor in his veto message regarding certain portions of the bill, noted:

> House Bill 291 as originally introduced represented a comprehensive regulatory scheme for all types of gambling activity which distinguished between professional and non-professional gambling in terms of the type of sanction imposed. Professional gambling was penalized through the criminal process while non-professional gambling would incur civil penalties only.

This is a fact of which this court may take judicial notice and is further persuasive that the legislature would have passed the valid portion of the bill without the unconstitutional portion relating to bingo. *State ex rel. Pennock v. Coe*, 42 Wn.2d 569, 257 P.2d 190 (1953).

The judgment of the superior court is reversed, and that court is directed to reinstate the information filed in this case.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, STAFFORD, and WRIGHT, JJ., concur.

Petition for rehearing denied November 24, 1972.