178 P.3d 1021 (2008)
STATE of Washington, Appellant,
v.
Dustin Gene ABRAMS, Respondent.
No. 79481-2.
Supreme Court of Washington, En Banc.
Argued November 6, 2007.
Decided March 20, 2008.
*1022 John Dietrich Knodell III, Teresa Jeanne Chen, Grant County Prosecutor's Office, Ephrata, WA, for Appellant.
David Bruce Koch, Nielsen Broman & Koch PLLC, Seattle, WA, for Respondent.
J.M. JOHNSON, J.
¶ 1 The United States Supreme Court in both Gaudin[1] and Johnson[2] declared that the materiality of a false statement in a perjury prosecution must be submitted to a jury rather than decided by a trial judge. We must determine whether, under these cases, language in RCW 9A.72.010(1) is constitutionally infirm because it requires the trial judge to determine the materiality of a false statement as a matter of law. If we find this statutory directive invalid, we must determine whether we can sever and strike the offending clause and uphold the remainder of Washington's perjury statute.
¶ 2 We hold that the clause instructing a trial judge to determine the materiality of a false statement as a matter of law is unconstitutional. We declare that the clause "whether a false statement is material shall be determined by the court as a matter of law" must be severed and stricken and uphold the remainder of the perjury statute. We remand for trial with the issue of materiality to be submitted to the jury.

*1023 FACTS AND PROCEDURAL HISTORY
¶ 3 The State charged Dustin Gene Abrams with first degree robbery and first degree murder of Michael Mallon. Officers read Abrams his Miranda[3] rights, and Abrams signed a written advisement, acknowledgement, and waiver. Abrams then terminated the interview, and the detectives left the interrogation room. A corrections officer went into the interrogation room where Abrams was sitting and had a brief conversation with Abrams in which he suggested that Abrams speak with the officers. Abrams agreed. During the subsequent interrogation, Abrams confessed in a written statement to killing Mallon. Later, at a CrR 3.5 hearing prior to his trial, Abrams was placed under oath and took the stand in his own defense. During the hearing, Abrams testified:
The detectives never gave me any Miranda rights, never readvised me of the rights. At no time during this part of the interview was it freely or done voluntarily. I would not have given the statement had [a corrections officer] not assaulted me and made me do it under duress. The written statement was not me. I didn't write it. I didn't sign it.
Clerk's Papers (CP) at 6.
¶ 4 The trial court determined that Abrams made and signed the confession voluntarily. Although the judge found that Abrams was initially read his Miranda rights, the judge deemed these initial warnings insufficient because Abrams confessed when officers reinitiated contact after he had terminated the interview. The court thus suppressed Abrams's confession in the State's case-in-chief.
¶ 5 The State then filed three counts of first degree perjury against Abrams, alleging that he knowingly made materially false statements during the CrR 3.5 hearing. Abrams moved to dismiss, arguing that Washington's perjury statute is unconstitutional because RCW 9A.72.010(1), which defines "materially false statement," provides that materiality "shall be determined by the court as a matter of law." The trial court agreed, declared Washington's entire perjury statute unconstitutional, and dismissed the perjury charges against Abrams with prejudice.
¶ 6 This court granted direct review pursuant to RAP 4.2(a)(2).

STANDARD OF REVIEW
¶ 7 "`The constitutionally of a statute . . . is an issue of law, which we review de novo.'" State v. Watson, 160 Wash.2d 1, 5, 154 P.3d 909 (2007) (alteration in original) (quoting Kitsap County v. Mattress Outlet, 153 Wash.2d 506, 509, 104 P.3d 1280 (2005)).

ANALYSIS
A. RCW 9A.72.010(1) is unconstitutional insofar as it requires the judge to determine the materiality of a false statement as a matter of law in a perjury prosecution
¶ 8 "A statute is presumed to be constitutional, and the party challenging its constitutionality bears the burden of proving its unconstitutionality beyond a reasonable doubt." State v. Thorne, 129 Wash.2d 736, 769-70, 921 P.2d 514 (1996). "Wherever possible, it is the duty of this court to construe a statute so as to uphold its constitutionality." State v. Reyes, 104 Wash.2d 35, 41, 700 P.2d 1155 (1985). However, "`[w]e cannot press statutory construction `to the point of disingenuous evasion' even to avoid a constitutional question.'" Miller v. French, 530 U.S. 327, 341, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000) (quoting United States v. Locke, 471 U.S. 84, 96, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985) (quoting George Moore Ice Cream Co. v. Rose, 289 U.S. 373, 379, 53 S.Ct. 620, 77 L.Ed. 1265 (1933))).
¶ 9 RCW 9A.72.020(1) provides that "[a] person is guilty of perjury in the first degree if in any official proceeding he makes a materially false statement which he knows to be false under an oath required or authorized by law." RCW 9A.72.010(1) defines "materially false statement" as "any false statement oral or written . . . which could have affected the course or outcome of the proceeding." Specifically *1024 at issue in this case, RCW 9A.72.010(1) further provides that "whether a false statement is material shall be determined by the court as a matter of law." (Emphasis added.)
¶ 10 In United States v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) and Johnson v. United States, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), the United States Supreme Court held that the materiality of a false statement must be submitted to the jury rather than decided by the trial judge. In Gaudin, a case involving a defendant charged with making false statements on federal loan documents in violation of former 18 U.S.C. § 1001 (1948),[4] the Supreme Court declared that "[t]he Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged," and the materiality of the alleged false statements is an element of the offense. Gaudin, 515 U.S. at 522-23, 115 S.Ct. 2310. Two years later in Johnson, where the defendant was charged with violating 18 U.S.C. § 1623, which proscribes knowingly making any false material declaration under oath before a grand jury, the Supreme Court similarly declared that "there is no doubt that materiality is an element of perjury. . . . Gaudin therefore dictates that materiality be decided by the jury, not the court." 520 U.S. at 465, 117 S.Ct. 1544.
¶ 11 The State concedes that materiality is an element of perjury and must be submitted to the jury.[5] The State argues, however, that the statutory language does not prohibit a jury from determining materiality, but merely requires a judge to determine materiality as well. The Gaudin court noted that "[i]t is commonplace for the same mixed question of law and fact to be assigned to the court for one purpose, and to the jury for another." 515 U.S. at 521, 115 S.Ct. 2310. Relying on this language, the State contends that the trial court's determination of materiality is analogous to a trial court's preliminary determination of the relevance of offered evidence, where a jury subsequently weighs the admitted evidence as it sees fit. See, e.g., Vandivier v. State, 822 N.E.2d 1047, 1052 (Ind.Ct.App.2005) (adopting a framework in light of Gaudin, where the trial court "make[s] a preliminary determination of materiality when assessing the admissibility of the evidence. If it finds the evidence admissible, it must then submit the issue to the jury for the jury to weigh the evidence and determine whether the State proved materiality beyond a reasonable doubt." (citations omitted)).
¶ 12 "When we interpret a criminal statute, we give it a literal and strict interpretation." State v. Delgado, 148 Wash.2d 723, 727, 63 P.3d 792 (2003). Here, the plain language of the perjury statute is expressly at odds with Gaudin and Johnson. The statute does not direct the judge to make an initial determination of materiality; rather, its direction for the judge to determine materiality "as a matter of law" seems conclusive. And indeed, this is how courts have interpreted this statutory language. See, e.g., In re Disciplinary Proceeding Against Dynan, 152 Wash.2d 601, 613, 98 P.3d 444 (2004); State v. Dial, 44 Wash.App. 11, 14, 720 P.2d 461 (1986).
¶ 13 Although, as the State suggests, it is consistent with Gaudin for the trial judge to make a preliminary determination of materiality and then submit the issue to the jury to find beyond a reasonable doubt, this procedure is inconsistent with the statutory directive *1025 for the trial judge to determine materiality as a matter of law.
¶ 14 Under Gaudin and Johnson, the provision of RCW 9A.72.010(1) requiring the court to determine the materiality of a false statement as a matter of law is unconstitutional. There is no set of circumstances under which a judge can constitutionally apply a statute that requires a judge alone to determine the materiality of a false statement as a matter of law. Such a procedure would violate the defendant's right to a jury trial on every element of the crime with which he is charged, a right that our constitution has specifically declared to be "inviolate." Wash. Const. art. I, § 21. We find RCW 9A.72.010(1)'s directive that "whether a false statement is material shall be determined by the court as a matter of law" constitutionally infirm.
B. The remainder of Washington's perjury statute can be upheld by severing and striking the offending language as directed in RCW 9A.04.010(4)
¶ 15 The State asks this court to sever and strike the clause "whether a false statement is material shall be determined by the court as a matter of law" from RCW 9A.72.010(1) and uphold the balance of the perjury statute.
¶ 16 We have held that
The basic test for severability of constitutional and unconstitutional provisions of legislation is set forth in Hall v. Niemer, 97 Wash.2d 574, 582, 649 P.2d 98 (1982) (quoting State ex rel. King County v. State Tax Comm'n, 174 Wash. 336, 339-40, 24 P.2d 1094 (1933)):
whether the constitutional and unconstitutional provisions are so connected . . . that it could not be believed that the legislature would have passed one without the other; or where the part eliminated is so intimately connected with the balance of the act as to make it useless to accomplish the purposes of the legislature. Gerberding v. Munro, 134 Wash.2d 188, 197, 949 P.2d 1366 (1998) (alteration in original); see also State v. Anderson, 81 Wash.2d 234, 236, 501 P.2d 184 (1972).
¶ 17 With respect to the first requirement, "[t]he presence of a severability clause . . . offers to the courts the necessary assurance that the remaining provisions would have been enacted without the portions which are contrary to the constitution." Anderson, 81 Wash.2d at 236, 501 P.2d 184. The preliminary article of Title 9A RCW contains the following broad severability clause:
If any provision of this title, or its application to any person or circumstance is held invalid, the remainder of the title, or the application of the provision to other persons or circumstances is not affected, and to this end the provisions of this title are declared to be severable.
RCW 9A.04.010(4).
¶ 18 In addition to the inclusion of this express severance clause, punishing perjury when the materiality of a false statement is determined by a jury rather than a trial judge still comports with the general legislative intent in enacting Title 9A RCW. RCW 9A.04.020(1) declares:
The general purposes of the provisions governing the definition of offenses are:
(a) To forbid and prevent conduct that inflicts or threatens substantial harm to individual or public interests;
(b) To safeguard conduct that is without culpability from condemnation as criminal;
(c) To give fair warning of the nature of the conduct declared to constitute an offense;
(d) To differentiate on reasonable grounds between serious and minor offenses, and to prescribe proportionate penalties for each.
The perjury statute punishes statements that undoubtedly "inflict[ ] or threaten[ ] substantial harm to individual or public interests." RCW 9A.04.020(1)(a). The integrity of our judicial system depends largely on the truthfulness of statements made under oath, and strict perjury laws are necessary to deter and punish false declarations in court proceedings. That a jury rather than a judge determines materiality does not affect the primary purpose of the perjury statute. *1026 It is also unreasonable to believe the legislature would have decided against punishing perjurious statements if it knew materiality could not be determined by the trial judge.
¶ 19 With respect to the second part of the severability test, the clause "whether a false statement is material shall be determined by the court as a matter of law" is not so intimately intertwined with the statute as to make the remainder of the act unable to accomplish its legislative purposes. Striking the offending portion in RCW 9A.72.010(1) will not affect the State's ability to punish perjury and thus "forbid and prevent conduct that inflicts or threatens substantial harm to individual or public interests." RCW 9A.04.020(1)(a). If the offending provision is severed, materiality will be determined by the jury along with the other elements necessary to convict of a perjury offense.[6]
¶ 20 To be severable, "[t]he invalid provision must be grammatically, functionally, and volitionally severable." McGowan v. State, 148 Wash.2d 278, 295, 60 P.3d 67 (2002) (footnote omitted). The clause "whether a false statement is material shall be determined by the court as a matter of law" is grammatically severable-it is separate and distinct and can be easily removed without affecting the other statutory provisions. That only part of RCW 9A.72.010(1) is invalid is not a bar to severing it from the remainder of RCW 9A.72.010(1) and from the rest of the statute. Id.
¶ 21 The offending language is also functionally separate from the rest of RCW 9A.72.010(1) because the clause "whether a false statement is material shall be determined by the court as a matter of law" dictates procedure, while the preceding clause defining "material false statement" dictates substance. When this court has found procedural provisions to be unconstitutional in part, we have upheld the substantive remainder of those statutes. See, e.g., Household Fin. Corp. v. State, 40 Wash.2d 451, 244 P.2d 260 (1952) (holding that the invalidity of a provision for a de novo trial in superior court in the appeal section of an act did not affect the validity of the remainder of the appeal section); State ex rel. French v. Clausen, 107 Wash. 667, 182 P. 610 (1919) (declaring a statutory provision for appointment of legislators to a commission unconstitutional, but upholding the remainder of the statute so that private citizens could be appointed); Shook v. Sexton, 37 Wash. 509, 79 P. 1093 (1905) (upholding the remainder of a statute prohibiting animals running at large after finding portion pertaining to fines invalid).
¶ 22 The constitutionally infirm clause is also volitionally severable. A clause is volitionally severable if the balance of the legislation would have likely been adopted had the legislature foreseen the invalidity of the clause at issue. Calfarm Ins. Co. v. Deukmejian, 48 Cal.3d 805, 258 Cal.Rptr. 161, 771 P.2d 1247 (1989). The language "whether a false statement is material shall be determined by the court as a matter of law" is volitionally severable from the rest of the perjury statute because, as stated before, the remainder of the perjury statute still accomplishes Title 9A RCW's general legislative purpose, and it is not reasonable to believe that the legislature would have decided against punishing perjury if it knew that materiality would be determined by a jury and not a trial judge.
¶ 23 The trial court relied on State v. Hughes, 154 Wash.2d 118, 110 P.3d 192 (2005), and struck down the entire perjury statute as unconstitutional, asserting that the judiciary cannot set up a procedure transferring authority to the jury absent a legislative amendment. This case is distinguishable from Hughes. In Hughes, 154 Wash.2d at 150, 110 P.3d 192, the court was not being asked to sever a provision, but rather to create a procedure completely absent from the Sentencing Reform Act of 1981, chapter 9.94A RCW, whereby a jury could be empaneled on remand to find aggravating factors warranting an enhanced sentence. Here, however, no new procedure need be created. *1027 Elements are already determined by juries. It is undisputed that materiality is an element of perjury. A jury may determine materiality just as it does every other element in RCW 9A.72.020. In fact, Washington's pattern jury instructions already include materiality as an element of perjury. See 11A Washington Practice: Washington Pattern Jury Instructions: Criminal 118.02 (2d ed. 1994) (WPIC). Although the current pattern jury instruction defining "material statement" provides for determination of materiality by a trial judge, see WPIC 118.17, trial courts can easily use a different instruction defining materiality for the jury.[7]
¶ 24 In the instant case, severing offending language from the perjury statute so that juries may decide materiality is not a usurpation of legislative authority. The statute at issue contains a severance clause, and the constitutionally infirm language is easily severable from the remaining provisions. No new procedure needs to be created, and the balance of the statute can clearly carry out the legislative intent to punish perjury.
¶ 25 Additionally, severing the language "whether a false statement is material shall be determined by the court as a matter of law" does not prevent a trial judge from dismissing perjury charges based on statements that are clearly not material. The trial judge still has the discretion to ensure that individuals are not harassed with frivolous perjury charges.
¶ 26 Moreover, the legislature has the authority to amend the remainder of the perjury statute to "incorporate other language or other definitions of materiality if it is to be presented to untrained fact-finders" as the trial court suggests or to expressly provide for the trial judge to make a preliminary determination of materiality. CP at 51. We, however, implement legislative intent, sever and strike the language "whether a false statement is material shall be determined by the court as a matter of law" from RCW 9A.72.010(1), and uphold the remainder of the perjury statute.
C. This new rule does not apply retroactively on collateral attack
¶ 27 That a jury rather than a trial judge must decide the materiality of a false statement in a perjury prosecution applies retroactively only to cases pending on direct review or not yet final, not to cases on collateral attack. In State v. Evans, 154 Wash.2d 438, 444, 114 P.3d 627 (2005), we noted that "[g]enerally, we have followed the lead of the United States Supreme Court when deciding whether to give retroactive application to newly articulated principles of law."
¶ 28 In Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), the United States Supreme Court declared that a "new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review . . . with no exception for cases in which the new rule constitutes a `clear break' with the past." In Johnson, 520 U.S. at 467, 117 S.Ct. 1544, the Court specifically held that Griffith required the retroactive application of Gaudin to cases pending on direct review.
¶ 29 In Teague v. Lane, 489 U.S. 288, 311, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the Court identified only two exceptions to the general rule of nonretroactivity of new rules of criminal procedure for cases on collateral review: (1) if the new rule places "`certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe'" id. (quoting Mackey v. United States, 401 U.S. 667, 692, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971)) or (2) the new rule requires observance of "those procedures that . . . are `implicit in the concept of ordered liberty.'" Id. (alteration in original) (internal quotation marks omitted) (quoting Mackey, 401 U.S. at 693, 91 S.Ct. 1171). The first exception is inapplicable to the instant case. As for the second exception, the Teague Court declared that it is "to be reserved *1028 for watershed rules of criminal procedure." Teague, 489 U.S. at 311, 109 S.Ct. 1060. In Bilzerian v. United States, 127 F.3d 237, 241 (2d Cir.1997), the court observed:
That a jury determination of guilt or innocence is an important element of a criminal trial does not necessarily mean that Gaudin is a "watershed rule" of criminal procedure. Watershed rules "alter our understanding of the bedrock procedural elements" essential to the fairness of a trial. Teague, 489 U.S. at 311, 109 S.Ct. 1060. . . . The rule in Gaudin merely shifts the determination of materiality from the judge to the jury. This shifting does not "alter our understanding of the bedrock procedural elements essential" to the fairness of a trial. Teague, 489 U.S. at 311, 109 S.Ct. 1060.
(Citations omitted.) See State v. Purnell, 161 N.J. 44, 735 A.2d 513 (1999) (applying Teague and holding that the opinion of Anderson, in which the New Jersey Supreme Court held that a jury rather than a trial judge must decide the materiality element of the offense of perjury, did not apply retroactively on collateral attack).
¶ 30 Retroactive application on collateral attack is also not required under state law. RCW 10.73.100(6) permits collateral relief from judgment after the normal time bar has lapsed when there is a "significant" change in the law that is "material" to the conviction and the legislature "expressly provide[s]" that the change be applied retroactively or a court finds that "sufficient reasons" require retroactive application. We have interpreted this statutory language consistent with Teague. See Evans, 154 Wash.2d at 444, 114 P.3d 627 (citing generally In re Pers. Restraint of Markel, 154 Wash.2d 262, 268, 111 P.3d 249 (2005)). Here, we find no "sufficient reasons" to require retroactivity on collateral attack and hold that this new rule applies retroactively only to cases on direct review or not yet final.

CONCLUSION
¶ 31 Under Gaudin and Johnson, the provision of Washington's perjury statute requiring a judge to determine the materiality of a false statement as a matter of law is unconstitutional. We therefore sever and strike this language from the perjury statute and uphold the remainder of the act. We remand for trial with the issue of materiality to be submitted to the jury.
WE CONCUR: GERRY L. ALEXANDER, C.J., SUSAN OWENS, MARY E. FAIRHURST, JJ., and BOBBE J. BRIDGE, J. Pro Tem.
MADSEN J. (concurring).
¶ 32 The majority concludes that RCW 9A.72.010(1) is unconstitutional insofar as it provides that materiality of a false statement giving rise to a conviction for perjury is a question of law for the courts. But although the majority states the basic rule that a statute should be construed to be constitutional where possible, it fails to follow this principle. The majority also fails to give effect to the legislature's intent that a court assess materiality. As a result, the majority gives less protection to the exercise of First Amendment rights because it excises from the statute the requirement that a judge be convinced that the statement forming the basis for a criminal charge is a "material" misstatement before a person is put through the ordeal of a criminal trial.
¶ 33 Contrary to the majority's belief, RCW 9A.72.010(1) can be construed as constitutional while giving effect to legislative intent that materiality be determined by the court.
¶ 34 RCW 9A.72.020(1) states that an individual is guilty of first degree perjury if he or she "makes a materially false statement which he [or she] knows to be false under an oath required or authorized by law." RCW 9A.72.010(1) defines "[m]aterially false statement" as "any false statement oral or written, regardless of its admissibility under the rules of evidence, which could have affected the course or outcome of the proceeding." Of concern here, RCW 9A.72.010(1) additionally provides that "whether a false statement is material shall be determined by the court as a matter of law." There is no dispute in this case that materiality is an element of the crime of perjury and that the State must *1029 prove materiality beyond a reasonable doubt.[1]
¶ 35 Whenever possible, a statute must be construed as constitutional. State v. Chester, 133 Wash.2d 15, 21, 940 P.2d 1374 (1997) (citing New York v. Ferber, 458 U.S. 747, 769 n. 24, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982)). In addition, when interpreting a statute, a court should always attempt to ascertain and give effect to the legislature's intent. State v. Williams, 158 Wash.2d 904, 148 P.3d 993 (2006). In RCW 9A.72.010(1), the legislature has expressly stated that the trial court must determine the materiality of the false statement alleged to constitute perjury.
¶ 36 If materiality is an element of the offense of perjury, then, as the United States Supreme Court held in United States v. Gaudin, 515 U.S. 506, 522-23, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), the jury must pass on the materiality of the false statements alleged to constitute perjury. But this does not mean that a court cannot assess materiality for another purpose. In the course of its analysis in Gaudin, 515 U.S. at 521, 115 S.Ct. 2310, the Court observed that "[i]t is commonplace for the same mixed question of law and fact to be assigned to the court for one purpose, and to the jury for another." The Court gave as an example the question of probable cause to conduct a search, which is a question for the court when it arises in the context of a motion to suppress evidence obtained during the search, but a question for the jury when it is an element of the crime of depriving an individual of constitutional rights under color of law. Id.
¶ 37 Similarly, materiality is a mixed question of law and fact that can go to the court for one purpose and to the jury for another. The language stating that materiality is a question of law for the courts is immediately preceded by the definition of "materiality" and the express direction that materiality does not depend upon admissibility of the statement under the rules of evidence. RCW 9A.72.010(1) thus pertains to the kind of evidence that will, or will not, establish materiality. It is, therefore, reasonable to construe the statute to mean that the court can determine "materiality" as part of a preliminary inquiry by the court, assuring that a defendant will not stand trial for the crime of perjury when evidence of materiality is lacking, i.e., the false statement is immaterial as a matter of law. Construed in this way, the statutory language directing a judicial determination of materiality provides for an assessment akin to a Knapstad[2] inquiry, i.e., the statute provides a procedure for dismissing a criminal prosecution where the evidence is legally insufficient to support a finding of guilt.
¶ 38 This gatekeeping role of the court may be of significant value, as the Florida Supreme Court has observed:
[T]here is a mind-set in the average juror to condemn any false statement made under oath and, in the hands of a persuasive prosecutor, lies told under oath by an accused about any matter may lead to the conviction of the liar of perjury. In such instances, it is only the court that stands as a barrier between an immaterial lie and a jail cell.
State v. Ellis, 723 So.2d 187, 190 (Fla.1998) (alteration in original) (quoting State v. Ellis, 722 So.2d 824, 830 (Fla.Dist.Ct.App.1997) (Miner, J., dissenting)).
*1030 ¶ 39 As the United States Supreme Court has stated, while a trial judge cannot attempt "to override or interfere with the jurors' independent judgment in a manner contrary to the interests of the accused" by entering a judgment of conviction or directing a verdict in favor of the prosecution, "[s]uch a limitation . . . has never inhibited [the trial court's] ruling in favor of a criminal defendant." United States v. Martin Linen Supply Co., 430 U.S. 564, 572-73, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). Thus, if evidence of materiality is utterly lacking, or the evidence shows that the alleged false statement is immaterial, then dismissal of the charges can, and should, follow.
¶ 40 Construing the statute in this fashion preserves its constitutionality, gives, to the greatest extent possible, effect to the legislature's intent that a court pass on the question of materiality, and is true to Gaudin's recognition that the same mixed question of law and fact may be considered by the court and the jury, albeit for different purposes. Significantly, there is nothing in RCW 9A.72.010(1) that says that the question of materiality can never be submitted to the jury, i.e., the statute does not say that only the court may consider materiality. Nor does the statute say that materiality as an element of the crime is to be decided by the court as a matter of law.
¶ 41 Finally, construing the statute in this way does not run afoul of this court's decision in State v. Hughes, 154 Wash.2d 118, 110 P.3d 192 (2005), overruled on other grounds by Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), as the trial court believed. Hughes held that where the legislature did not provide a procedure for juries to find aggravating factors in sentencing proceedings but instead explicitly provided for judges to find aggravating factors, this court would not imply such a procedure. Id. at 149-50, 110 P.3d 192. But in the present case there is no need to create or imply any procedure. The statute provides that a trial court will assess materiality as a matter of law. Holding that the trial judge must do so as a preliminary matter is consistent with the statute's language  it does not provide for a new procedure contrary to the statute's language. And holding that the jury must determine whether the State has proved the element of materiality beyond a reasonable doubt is not establishing any new procedure for juries.[3]
¶ 42 The court should construe the statute to mean that materiality is a preliminary question for the trial court. If the trial court finds there is evidence of materiality, then the evidence is admissible and the issue must be submitted to the jury to determine whether the State has proved materiality beyond a reasonable doubt. If there is no evidence of materiality, i.e., there is only evidence showing that the false statement that is allegedly perjurious is immaterial, then the court must dismiss the perjury charge. See Vandivier v. State, 822 N.E.2d 1047, 1052 (Ind.Ct.App. 2005).
¶ 43 I would hold that RCW 9A.72.010(1) is constitutional. I agree with the majority that remand is necessary, but would direct the trial court to make a preliminary determination about the materiality of the allegedly false statement and submit the issue to the jury if there is evidence of materiality.
WE CONCUR: CHARLES W. JOHNSON and RICHARD B. SANDERS, JJ.
CHAMBERS, J. (concurring).
¶ 44 I concur with the majority in result. Materiality is an element of the crime which must, like all elements of crimes, be decided by a jury as a matter of fact, not by a judge as a matter of law.
¶ 45 However, I also agree with Justice Madsen that there is a role for the trial judge to play here too. Cf. State v. Miller, 156 Wash.2d 23, 31, 123 P.3d 827 (2005) (prosecution for violating a no-contact order). In Miller we held that the judge must be satisfied with the validity of a no-contact *1031 order before admitting it into evidence. The jury still had the task of deciding whether the order existed and whether it had been violated. Similar principles apply here. I join Justice Madsen insofar as she would hold that trial judges must be satisfied that the State's evidence, if proved, establishes the materiality of the alleged perjurious statement before allowing such prosecutions to go to trial.
NOTES
[1] United States v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995).
[2] Johnson v. United States, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).
[3] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[4] Former 18 U.S.C. § 1001 provided in relevant part, "`Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact . . . shall be fined not more than $10,000 or imprisoned not more than five years, or both.'" Gaudin, 515 U.S at 509, 115 S.Ct. 2310 (emphasis added).
[5] But see State v. Ellis, 723 So.2d 187 (Fla.1998) (upholding a perjury statute similar to Washington's, finding that materiality is not an element of Florida's perjury statute even under Gaudin, but rather a threshold issue that the court must determine prior to trial); State v. Rollins, 264 Kan. 466, 475, 957 P.2d 438 (1998) ("When interpreting the Kansas criminal perjury statute, we have always recognized that materiality was not an element of the crime to be proved, but rather a question of law for the judge. Gaudin did not change this requirement.").
[6] In RCW 4.44.080, the legislature directed courts to determine all questions of law in civil actions, and in RCW 4.44.090, it directed that in a civil jury trial, all questions of fact should be decided by the jury. In RCW 10.46.070, the legislature made those provisions applicable to criminal trials as well.
[7] 2A KEVIN F. O'MALLEY, JAY E. GRENIG & WILLIAM C. LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS: CRIMINAL § 50.08, note at 516 (5th ed. 2000) ("A statement is material if it had the effect of impeding, interfering with or influencing the [court] [jury] [grand jury] in the matter it was considering, or had the potential or capability of doing so. [It is not necessary that the statement actually have that effect, so long as it had the potential or capability of doing so.]").
[1] That there is no dispute that materiality is an element is of critical importance, just as it was in United States v. Gaudin, 515 U.S. 506, 509, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), where the United States Supreme Court noted that there was no dispute that materiality is an element of the crime of perjury under former 18 U.S.C. § 1001 (1948), the statute at issue. The Court commented in a subsequent case that "we merely assumed in Gaudin that materiality is an element of making a false statement under [former] 18 U.S.C. § 1001." Johnson v. United States, 520 U.S. 461, 465, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). In Johnson, the Court contrasted Gaudin with the later case of United States v. Wells, 519 U.S. 482, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997), where it held that materiality is not an element of making a false statement to a federally insured bank under 18 U.S.C. § 1014. Johnson, 520 U.S. at 465, 117 S.Ct. 1544. The important message of Johnson is that a court must look to the specific statute at issue criminalizing the making of false statements and determine whether the legislating body defined the particular offense with materiality as an element.
[2] State v. Knapstad, 107 Wash.2d 346, 729 P.2d 48 (1986).
[3] Cases from the days of early statehood on recognize the basic principle that the jury must find that the evidence sufficiently establishes all of the elements of the crime with which the defendant is charged. See, e.g., State v. Dale, 110 Wash. 181, 187, 188 P. 473 (1920); State v. Knowlton, 11 Wash. 512, 521, 39 P. 966 (1895); McClaine v. Territory, 1 Wash. 345, 353, 25 P. 453 (1890).