# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53420-7-II |
| Respondent, | |
| v. | |
| CORY NATHAN MASON, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. — Cory Nathan Mason was convicted of unlawful possession of a controlled substance, methamphetamine (RCW 69.50.4013). Mason appealed, arguing that the trial court erred when it admitted evidence from an unlawful search of Mason's person because the arrest was not supported by probable cause, rendering the arrest unlawful and precluding the deputy's ability to conduct a search incident to arrest; there was no justification for a *Terry* frisk;[1] and if there was justification of a *Terry* frisk, then the frisk exceeded the permitted scope.

While Mason's appeal was pending, the Washington Supreme Court held that RCW 69.50.4013 violated the due process clauses of the state and federal constitutions and is void. *State v. Blake*, 197 Wn.2d 170, 195, 481 P.3d 521 (2021).

---

[1] A "*Terry* frisk" is a type of search for weapons sanctioned by *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968) (holding an officer may search an individual if the officer believes the suspect "may be armed and presently dangerous").

Mason filed supplemental briefing requesting, in light of *Blake*, that his unlawful possession of a controlled substance conviction be vacated. The State concedes that Mason is entitled to vacation of his conviction.[2] Because Mason's case is not yet final, he is entitled to the benefit of this intervening appellate decision. "A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a clear break from the past." *In re Pers. Restraint of St. Pierre*, 118 Wn.2d 321, 326, 823 P.2d 492 (1992); *State v. Abrams*, 163 Wn.2d 277, 290, 178 P.3d 1021 (2008).

Accordingly, we remand with instructions to vacate and dismiss with prejudice Mason's unlawful possession of a controlled substance, methamphetamine conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

---

[2] Both Mason and the State ask us to vacate Mason's conviction. But they both also ask us to remand to the trial court for resentencing and to determine the "effect of *Blake* on Mason's sentence." Supp. Br. of Resp't at 2. It is not clear to us what the parties mean. The only conviction at issue in this appeal is Mason's conviction for unlawful possession of a controlled substance. Once this case is dismissed by the trial court, there will be no "sentence" in this case. Mason makes reference in his brief to a sentence for possession of a controlled substance with intent to deliver, but if Mason is referring to a sentence that he is serving in a different case, that case is not before us.

CRUSER, J.

We concur:

SUTTON, J.

GLASGOW, A.C.J.